J. W. JOHNSON, ADMR., OF J. P. SEAWELL, AND W. P. BENNER AND WIFE, BETTIE F. BENNER, v. C. F. LEAVITT.

(Filed 3 December, 1924.)

1. **Estates—Entireties—Husband and Wife—Deeds and Conveyances—Judgments—Liens.**

An estate by entireties held by husband and wife by virtue of their marriage and the right of survivorship still existing thereunder as to this relation, may be conveyed by them during their joint lives, and a good title given to the grantee against the rights of judgment creditors whose judgments have been obtained against the husband alone since the registration of the deed made by them both to the grantee.

2. **Same—Rents and Profits—Leases.**

The husband during their joint lives is entitled to the possession and the rents and profits of the lands held by himself and wife by entireties, and may lease the same subject to the right of survivorship of his wife at whose prior death the husband's lease becomes inoperative.

3. **Same—Execution—Statutes—Priorities of Judgment.**

Estates by entireties exist in this State only as an incident to the marriage relationship of husband and wife, and execution may not issue to subject it to the payment of a judgment obtained against only the one or the other of them during their joint lives, but if one of them should die leaving surviving the other against whom judgments have been obtained and the liens thereof are presently existent, the right to issue execution against the estate formerly held by them in entireties attaches as to all at the time the survivor has acquired the full title and distribution of the proceeds must be made pro rata without reference to the time the judgments may have been obtained. C. S., 614, 654.

4. **Same—Homestead—Purchase Money — Mechanics' Liens — Constitutional Law—Statutory Liens.**

A homestead in lands held by the husband and wife by entireties may not be claimed against a judgment rendered on their joint obligation given for the purchase of the lands so held by them, Const., Art. X, sec. 2, and the same rule applies as to mechanics' or laborers' liens, etc., under constitutional provision, but not as to liens for materials furnished, etc., which rest by statute alone.

5. **Estates — Entireties — Husband and Wife — Husband's Home Site—Deeds and Conveyances—Statutes.**

The wife's interest in the husband's "home site" exists by statute (ch. 123, Public Laws of 1919), and a different principle applies as to a conveyance without her valid execution. C. S., 4103.

APPEAL by defendant from *Shaw, J.,* at May Term, 1924, of MOORE.

Civil action to recover upon three promissory notes, given by defendant for the purchase price of four lots of land owned by W. P. Benner and wife as tenants by the entirety—the notes in question being assigned and transferred to J. P. Seawell for value, before maturity, and now held by his administrator, J. W. Johnson, one of the plaintiffs herein.

W. P. Benner and wife, Bettie F. Benner, in accordance with their
agreement, have executed and tendered full warranty deed for the lots
in question, but defendant declines to accept the same and refuses to
pay his notes, upon the ground that the title offered is defective; it being
agreed that since the execution of the contract to convey said lots, W. P.
Benner has suffered several judgments to be taken and docketed against
him in the county where the lands are situated.

Upon the hearing and on facts agreed, the court being of opinion
that the deed tendered would convey a good title, free and clear of the
judgment liens against W. P. Benner and, in accordance with the
consent of the parties as to his opinion on this one point in dispute,
entered judgment for the plaintiffs; whereupon the defendant excepted
and appealed.

*H. F. Seawell for plaintiffs.*
*R. L. Burns for defendant.*

STACY, J.  The single question presented by this appeal is whether
W. P. Benner and wife, Bettie F. Benner, who hold lands as tenants by
the entirety, can convey the same free and clear of judgment liens
docketed against W. P. Benner in the county where the lands are
situated. His Honor below was of the opinion that they could, and
entered judgment accordingly. We are of the same opinion, and the
judgment will be affirmed. The exact question was decided in *Hood v.
Mercer,* 150 N. C., 699. See, also, *Harris v. Distributing Co.,* 172 N. C.,
14, and *Davis v. Bass, ante,* 200, and cases there cited.

The case of *Bruce v. Nicholson,* 109 N. C., 202, cited by appellant
and which has been approved in a number of later decisions, was an
appeal by a judgment creditor who claimed a prior lien for his
previously docketed judgment against I. A. Sugg over a subsequently
executed mortgage given by I. A. Sugg and his wife on lands held by
them as tenants by the entirety. The court ordered the sale under the
mortgage and held that the defendant's judgment was not a lien on the
land and was of no avail as against the deed of I. A. Sugg (the judg-
ment debtor) and his wife to lands held by them as tenants by the
entirety. This, in principle, also covers the question here presented,
though no judgment creditor is a party to the present action.

But it has been held or suggested in a number of cases, beginning
with *Topping v. Sadler,* 50 N. C., 357, and including among others
*Long v. Barnes,* 87 N. C., 330; *Simonton v. Cornelius,* 98 N. C., 433;
*West v. R. R.,* 140 N. C., 620; *Bynum v. Wicker,* 141 N. C., 95;
*Greenville v. Gornto,* 161 N. C., 343; *Moore v. Trust Co.,* 178 N. C.,
125, and *Holton v. Holton,* 186 N. C., 355, that a lease by the husband
alone and without the wife's joinder, of premises held by the entirety,

is valid during coverture, because the husband is entitled to the posses-sion, income, increase or usufruct of the property during their joint lives. Hence, it is the position of the defendant that to this extent, if no more, the property ought to be, and properly is, liable to be taken under execution for the satisfaction of judgments against the husband. Defendant says that by the terms of C. S., 677, "all leasehold estates of three years duration or more," owned by the judgment debtor, may be levied on and sold under execution, and that the right to lease an estate by the entirety during coverture is such a leasehold estate in the husband as is liable to execution under the statute. "During coverture" is an indeterminate period and may or may not last for three years or more, albeit, a lease by the husband of an estate by the entirety for 10 years was upheld in *Greenville v. Gornto,* 161 N. C., 341, subject to be defeated only by the death of the husband prior to that of the wife, but the right to lease such property enures to the husband in his capacity as a member of the marriage state and not otherwise. 30 C. J., 562; 13 R. C. L., 1114.

Without deciding whether at common law a lease by the husband, without the wife's joinder, was valid during coverture, from which a departure to this extent may have been made in the decisions so holding, it is sufficient to say that whatever paramount rights the husband had at common law, and now has, in and to the rents and profits and over the lands held by him and his wife as tenants by the entirety, did not, and do not, spring from the peculiar nature of the estate, and are not incidents thereto, but they are rights enuring to the husband from the general principle of the common law which vests in the husband, *jure uxoris,* the right to the use and control of his wife's lands during coverture and to take the rents and profits arising therefrom. The common-law rule that the husband is entitled to the rents and profits of his wife's lands is as applicable where she holds a joint title as where she holds sole title. 30 C. J., 567. The estate "still possesses here the same properties and incidents as at common law." *Bynum v. Wicker,* 141 N. C., 95. In other words, whatever superior rights the husband had at common law, and now has, in and to the use and control of an estate by the entirety were and are incidents belonging to the status of marriage, or the legal relationship of husband and wife. It is only in the capacity of husband and wife that estates may be taken and held by the entirety. *Davis v. Bass, supra.* At common law, the husband was considered the owner of the rents and profits arising from lands held by the entirety, and the properties and incidents of this particular estate have not been changed or altered in their nature or character by statute or by constitutional provision in North Carolina. *McKinnon v. Caulk,* 167 N. C., 411.

The judgments against W. P. Benner were rendered against him individually and not in his capacity as husband of Bettie F. Benner. This would seem to afford a sufficient distinction for upholding a lease, made by virtue of his right as husband during coverture, and at the same time denying liability of the estate to be taken under execution for the satisfaction of judgments rendered against him individually; but, if not, it should be remembered that law and logic are not always the best of friends. We are not called upon to say whether a judgment rendered on a debt for which W. P. Benner would be liable, only because of his husbandhood, may be collected out of his interest and control over lands held by him and his wife as tenants by the entirety, but from the reasoning in all our decisions on the subject, this question would seem to be involved in no serious doubt as to its proper solution. His liability would still be personal regardless of its source. Lands held by husband and wife as tenants by the entirety are not subject to levy under execution on a judgment rendered against either the husband or the wife alone, nor can the interest of either be thus sold, because the right of survivorship is merely an incident of the estate, and does not constitute a remainder, either vested or contingent, but in this jurisdiction a judgment rendered against the husband and wife jointly, upon a joint obligation, may be satisfied out of an estate in lands held by them as tenants by the entirety. *Martin v. Lewis,* 187 N. C., 473; 30 C. J., 573.

This tenancy by the entirety is *sui generis,* and arises from the singularity of relationship between husband and wife. In order to comprehend its peculiar properties and incidents, the one fact which must be constantly borne in mind is that the estate may be taken and held only by husband and wife in their capacity as such, and not otherwise, though it is not necessary that they be so described. 13 R. C. L., 1108. As between them, there is but one owner, and that is neither the one nor the other, but both together, in their peculiar relationship to each other, constituting the proprietorship of the whole, and every part and parcel thereof. *Ketchum v. Walsworth,* 5 Wis., p. 102. It may be taken under execution against one of the parties only when the legal personage of "husband and wife" has been reduced to an individuality identical with the natural person of the survivor. *Stuckey v. Keefe,* 26 Pa., p. 399.

For the benefit of the investigator, the following supplementary observations on estates held by husband and wife as tenants by the entirety may be added to those heretofore made in the case of *Davis v. Bass, ante,* 200:

1. Where husband and wife contract jointly for a building to be built, rebuilt, repaired or improved, upon lands held by them as tenants by the entirety, said building and lands may be subjected to the pay-

ment of all debts contracted for work done on the same, or materials furnished. C. S., 2433. But the law would seem to be otherwise where the contract is made by the husband alone or by the wife alone. *Finch v. Cecil,* 170 N. C., 72.

2. Where several judgments are taken against a husband or a wife individually, and at different times, no present lien attaches to property held by the entirety, but upon the death of either, the survivor acquires the entire legal title to such property, and the liens of the several judgments held against the survivor, if still active and unsatisfied, would then attach to said property, *eo instante* and at the very moment when the title vests in the judgment debtor in his or her individual right; hence, the previously taken judgments would all stand upon the same footing, and the proceeds of a sale thereunder would be distributed pro rata without reference to the priority of said judgments or to the time of their docketing. *Moore v. Jordan,* 117 N. C., 86; 42 L. R. A., 209, and note. In other words, the acquisition by the judgment debtor of the title to such property by right of survivorship would place the estate upon the same footing with relation to said judgments as after-acquired property. And the rule in this jurisdiction with respect to the priority of judgment liens against after-acquired property is that such judgment liens attach equally without reference to the date of their rendition or docketing. C. S., 614 and 654. This rule is based upon the theory that the liens attach the instant there is a title capable of being encumbered, but they do not for this reason relate back to the time of the original judgment. 23 Cyc., 1381.

3. No homestead may be claimed in lands held by the entirety as against a judgment rendered on a joint obligation given for the purchase of said property. *Smith v. High,* 85 N. C., 93. "No property shall be exempt from sale for taxes or for payment of obligations contracted for the purchase of said premises." Const., Art. X, sec. 2. But the law may be otherwise where the joint obligation is not for the purchase price of the land. See *dictum* in *Martin v. Lewis,* 187 N. C., p. 476. The "laborer's lien" for labor performed and the "mechanic's lien" for work done on the premises under a joint contract, have a constitutional priority over the homestead exemption (*Broyhill v. Gaither,* 119 N. C., 443), but not so in case of a lien for materials furnished, which is only statutory. *Cumming v. Bloodworth,* 87 N. C., 83. The homestead exemption should not be confused with the wife's interest in the husband's "home site" (chapter 123, Public Laws 1919) when sought to be conveyed without her signature, which is also statutory. C. S., 4103; *Bank v. Sumner, post,* 687.

From the facts and agreement appearing of record, the judgment entered in the Superior Court must be upheld.

Affirmed.