FIRST NATIONAL BANK OF DURHAM, TRUSTEE, v. M. F. HALL.

(Filed 16 December, 1931.)

**1. Husband and Wife G a—Title to land held by entirety is in both husband and wife with common-law right of survivorship.**

A deed to a husband and wife, unless requiring them to hold by another character of tenancy, conveys to them the common-law estate by entirety under which each holds the entire estate as one person, with the common-law right of the husband to the use thereof and the rents and profits therefrom, and with the right of survivorship which may not

be defeated by a conveyance by either of them to a stranger, our constitutional provisions relating to married women and the statutes enacted in pursuance thereto making no change in this common-law estate.

2. **Mortgages A d—Husband's mortgage on lands held by entirety conveys his rights therein but is extinguished upon his prior death.**

Where the husband and wife hold an estate by entirety the husband may execute a valid mortgage without the joinder of the wife only for his incidental common-law rights in the estate, and upon his prior death the mortgage is extinguished and the title goes to the surviving wife free from the mortgage lien, and where after his death the wife has executed a mortgage on the lands, her mortgagee may permanently restrain the foreclosure of the mortgage executed by the husband without her joinder.

APPEAL by defendant from *Clement, J.,* at Chambers in BURKE County, in a controversy without action on an agreed statement of facts.

On or about 28 December, 1925, M. F. Hall, the defendant, conveyed to S. H. Earnest and Roberta Earnest, his wife, an estate by entirety in a parcel of land situated in Lenoir Township, Caldwell County. The deed was duly recorded. On 22 January, 1926, S. H. Earnest and wife executed to the Mutual Building and Loan Association of Lenoir a deed of trust on the land, and said deed of trust was duly paid and canceled of record. On the same day, S. H. Earnest, without the joinder of his wife, executed to the defendant M. F. Hall a note for $495 and a mortgage on the land to secure said note, which was for the balance of the purchase money due by S. H. Earnest and Roberta Earnest. S. H. Earnest died on or about 26 March, 1926, leaving his wife surviving him; and on or about 1 January, 1929, she, Roberta Earnest, executed a deed of trust in which she named the plaintiff, First National Bank of Durham, as trustee and conveyed to it as trustee the lot above described. This deed of trust was duly recorded. The defendant advertised the land to be sold under the power conferred by his mortgage on 4 May, 1931, and after due advertisement according to law, the said lands were sold and one R. S. Hall became the last and highest bidder at the price of $850. Before ten days had expired for raising the bid, the Realty Sales Corporation placed a 5 per cent raise on said bid and the land was again advertised according to law to be sold on 1 June, 1931, and a few hours prior to the sale the plaintiff had an injunction served on the defendant forbidding him to sell the land on said date and ordering him to show cause, if any he had, on 10 June, before Judge Clement, at Morganton, why the injunction should not be made permanent. At the hearing Judge Clement rendered judgment denying the defendant's motion to vacate the restraining order, and continued the injunction to the hearing.

The defendant excepted and appealed.

*Williams & Pritchett for plaintiff.*
*Newland & Townsend for defendant.*

ADAMS, J. Tenancy by entireties, or by the entirety, is the tenancy by which husband and wife at common law hold land conveyed or devised to them by a single instrument, which does not require them to hold it by another character of tenancy. Littleton, sec. 291; Tiffany, Real Property, sec. 194. The husband and wife take the whole estate as one person. Each has the whole; neither has a separate estate or interest; but the survivor of the marriage whether husband or wife is entitled to the entire estate, and the right of the survivor cannot be defeated by the other's conveyance of the property to a stranger. The provisions of the Constitution relating to married women and the statutes enacted in pursuance thereof made no change in the estate. *Jones v. Smith,* 149 N. C., 318; *McKinnon v. Caulk,* 167 N. C., 411; *Davis v. Bass,* 188 N. C., 201.

At common law the husband was entitled to the use and control of the estate and to all the rents and profits during the marriage and had a right to execute a mortgage on the property to the extent of his common-law interest. With us it is held that these common-law incidents still adhere to the estate. *Long v. Barnes,* 87 N. C., 330; *West v. R. R.,* 140 N. C., 620; *Dorsey v. Kirkland,* 177 N. C., 520; *Davis v. Bass, supra.*

In the case under consideration the husband, S. H. Earnest, had a right to execute a mortgage "to the extent of its worth," including the rents, profits, and usufruct of the property; but he had no right to encumber the land so as to defeat the interest of the survivor. Upon his death the lien of the mortgage was *ipso facto* canceled and the entire estate was vested in the survivor. *Bynum v. Wicker,* 141 N. C., 95; *Dorsey v. Kirkland, supra; Trust Co. v. Broughton,* 193 N. C., 320.

There was no error in continuing the restraining order to the final hearing.

Judgment affirmed.