HATTIE S. WOOLARD, FLORENCE SILVERTHORNE, JAMES ENOCH SMITH, JR., PEARLIE BELL McCULLAR AND W. E. SMITH v. EMMA F. SMITH.

(Filed 26 September, 1956.)

**1. Deeds § 1a—**

The right to contract and to convey property ought not to be limited or circumscribed unless prohibited by sound public policy or valid statute.

**2. Husband and Wife § 15—**

An estate by entirety is based on the fiction of the unity of persons resulting from marriage, so that the husband and wife constitute a legal entity separate and distinct from them as individuals, with the result that together they own the whole, with right of survivorship by virtue of the original conveyance.

**3. Husband and Wife § 14—**

A husband owning land may create an estate by the entireties by deeding the land to himself and wife, and the contention that the deed fails as to one-half because a person may not be grantor and grantee at the same time, is untenable, since the legal entity constituted by husband and wife is separate and distinct.

JOHNSON, J., not sitting.

APPEAL by plaintiffs from *McKeithen, Special J.,* May Term 1956, BEAUFORT.

Proceeding for partition of real estate situated in Beaufort County.

The parties stipulated the facts. From the stipulation it appears: Plaintiffs are the heirs at law of J. E. Smith by his first marriage. After the death of his first wife, J. E. Smith married defendant. Prior to 5 June, 1948, J. E. Smith was the owner in fee of the lands in controversy. On 5 June, 1948, J. E. Smith executed the deed made a part of the stipulation as Exhibit A. Said deed was duly recorded on the day of its execution. When the deed was executed, J. E. Smith and defendant, Emma F. Smith, were man and wife and living together as such, and thereafter they continued to live together until his death. J. E. Smith died intestate.

The parts of the deed referred to in the stipulation which are material to a decision of this controversy follow:

"THIS DEED, Made this 5th day of June 1948, by J. E. Smith, party of the first part, to J. E. Smith and wife, Emma F. Smith, parties of the second part; all parties being of the County of Beaufort and State of North Carolina; WITNESSETH:

"WHEREAS, on the 2nd day of April 1948, party of the first part was conveyed two certain lots, hereinafter described by G. Smith Bennett and wife, Annie M. Bennett, and deed N. Henry Moore and wife dated 12th day of Aug. 1944; and whereas party of the first part is desirous of having the title vested in parties of the second part and known as an estate by the entirety; and whereas party of the first part is willing to have said real estate, hereinafter described, to be vested in parties of the second part as an estate by the entirety;

"Now, THEREFORE, for and in consideration of the sum of TEN DOLLARS, said party of the first part has this day been paid by parties of the second part, receipt of which is hereby acknowledged, the said party of the first part does hereby bargain, sell, and convey unto the said parties of the second part, an estate by the entirety, the following described tracts of land, to-wit:

". . .

"To HAVE AND TO HOLD, the aforesaid lots of land, unto the said parties of the first part, their heirs and assigns, in fee simple; and the said party of the first part does hereby covenant to and with the said parties of the second part, that he is seized of said premises in fee and has a right to convey the same; that the same are free and clear of all liens and encumbrances and that he will forever warrant and defend the title to the same against the lawful claims of all persons whomsoever."

The court, on the facts stipulated, adjudged the deed conveyed an estate by the entireties, and upon the death of J. E. Smith the land described in the deed became the absolute property of the defendant. It further adjudged that plaintiffs, as heirs at law of J. E. Smith, the grantor, were, by the warranties contained in the deed, estopped to deny defendant's sole ownership.

*LeRoy Scott and L. E. Mercer for plaintiff appellants.*

*John A. Mayo and Junius D. Grimes for defendant appellee.*

RODMAN, J.   The judgment presents for decision these questions:

1. May a husband, the owner of land, by deed to himself and wife create an estate by the entireties?

2. If not, may the same result be accomplished by way of estoppel?

It will be noted that the *habendum* of the deed reads: "Unto the said parties of the first part, their heirs and assigns, in fee simple . . ." Appellants, in their brief, concede this was a clerical error.

The deed, by express language, recites both a desire and a willingness on the part of the party of the first part to create an estate by the entirety.   Following this recital are formal words of conveyance followed by general covenants of seizin and warranty.

The right to contract and to convey property ought not to be limited or circumscribed unless prohibited by sound public policy or valid statute.

What sound reason, if any, exists why a deed from a husband to husband and wife cannot, in accord with the express language of the deed, create an estate by the entirety?

Appellants contend that J. E. Smith, the husband, could not, at the same moment, be grantor and grantee.   So, they say, the deed conveyed nothing to J. E. Smith.   They say that Emma Smith, the other named grantee, could take only an undivided half interest.   Hence, they say, the deed constituted J. E. Smith and Emma Smith tenants in common and upon the death of J. E. Smith, his half descended to plaintiffs, his heirs at law.

The assertion that one cannot be grantor and grantee at the same instant is logical and a correct statement of law.   *Pearson, J.,* expressed it thus: "Property must at all times have an owner.   One person cannot part with the ownership unless there be another person to take it from him.   There must be a 'grantor and a grantee and a thing granted.' " *Dupree v. Dupree,* 45 N.C. 164.

Appellants assume the very question at issue.   They assume that a conveyance to "J. E. Smith and wife, Emma Smith," is a conveyance to two separate and distinct individuals.   Their assumption does not

accord with the theory on which the estate by entireties originated and which is recognized by us.

That husband and wife constitute a legal entity separate and distinct from the component parts of the marital status was recognized as early as the Fourteenth Century. It was so declared by this Court as early as 1837. *Motley v. Whitemore,* 19 N.C. 537.

The necessity of the unity of person, that is, a separate entity, to create an estate by the entirety has been declared on many occasions by this Court.

The following quotations illustrate the uniform holdings of this Court:

"The idea that husband and wife are one, or, as generally expressed, of the unity of person, does not have its origin in the common law. It dates from the Garden of Eden when it was declared 'they shall be one flesh' (Gen., 2:14), and it has been reaffirmed and preserved in the Gospels and the Epistles. 'Wherefore they are no more twain, but one flesh.' (Mat., 19:5); 'They twain shall be one flesh' (Mark, 10:18); 'They too shall be one flesh.' (Eph., 5:31).

"It is on the doctrine of Unity of Person that estates by entireties, with the right of survivorship, rest." *Freeman v. Belfer,* 173 N.C. 581, 92 S.E. 486.

"The estate was predicated upon the fact that in law the husband and wife, though twain, are regarded as one—there being, in other words, a·unity of person, which has been called the fifth unity of this estate, the others being of time, title, interest, and possession, which also belonged to an estate by joint tenancy." *Moore v. Trust Co.,* 178 N.C. 118, 100 S.E. 269.

"This tenancy by the entirety is *sui generis,* and arises from the singularity of relationship between husband and wife. In order to comprehend its peculiar properties and incidents, the one fact which must be constantly borne in mind is that the estate may be taken and held only by husband and wife in their capacity as such, and not otherwise, though it is not necessary that they be so described. 13 R.C.L. 1180. As between them, there is but one owner, and that is neither the one nor the other, but both together, in their peculiar relationship to each other, constituting the proprietorship of the whole and every part and parcel thereof. *Ketchum v. Walsworth,* 5 Wis., p. 102. It may be taken under execution against one of the parties only when the legal personage of 'husband and wife' has been reduced to an individuality identical with the natural person of the survivor." *Johnson v. Leavitt,* 188 N.C. 682, 125 S.E. 490.

"Tenancy by entireties, or by the entirety, is the tenancy by which husband and wife at common law hold land conveyed or devised to

them by a single instrument, which does not require them to hold it by another character of tenancy. Littleton, sec. 291; Tiffany, Real Property, sec. 194. The husband and wife take the whole estate as one person. Each has the whole; neither has a separate estate or interest. . . ." *Bank v. Hall,* 201 N.C. 787, 161 S.E. 484.

"Estates by the entireties are creatures of the common law created by legal fiction and based wholly on the common-law doctrine that husband and wife are one, and, therefore there is but one estate, and in contemplation of law, but one person owning the whole. . . . By reason of their legal unity by marriage, the husband and wife together take the whole estate as one person. Neither has a separate estate or interest in the land, but each has the whole estate. Upon the death of one the entire estate and interest belongs to the other, not by virtue of survivorship, but by virtue of the title that vested under the original limitation." Thompson on Real Property, sec. 1803.

The New York Court said:

"It (estate by entireties) originated in the marital relation, and, although the survivorship presents the greatest formal resemblance to joint tenancy, instead of founding the estate by the entirety upon the notion of joint tenancy, all the authorities refer it to the established effect of a conveyance to husband and wife pretty much independent of any principles which govern other cases. . . . At common law, husband and wife were regarded as one person, and a conveyance to them by name was a conveyance in law to but one person. These two real individuals, by reason of this relationship, took the whole of the estate between them, and each was seised of the whole, and not of any undivided portion. They were thus seised of the whole because they were legally but one person." *Steltz v. Shreck,* 28 N.E. 510.

Death creates no new estate in the survivor. The survivor takes by virtue of the original conveyance. *Spruill v. Mfg. Co.,* 130 N.C. 42; *Underwood v. Ward,* 239 N.C. 513, 80 S.E. 2d 267.

Presumably appellants would concede that J. E. Smith, the grantor, could convey to a corporation whose only stockholders were the grantor, J. E. Smith, and his wife, Emma Smith. That would be true because a corporation is a different entity, a different person from J. E. Smith, the grantor.

The husband may have property conveyed to a trustee for the husband and his wife. Such conveyance forthwith creates a tenancy by entirety. *Akin v. Bank,* 227 N.C. 453, 42 S.E. 2d 518.

A conveyance by one spouse to the other followed by a conveyance by both to a trustee for the husband and wife has been held by us to create an estate by the entireties, the trust being passive, is immediately executed by the statute. *Harris v. Distributing Co.,* 172 N.C. 14, 89 S.E. 789.

If husband and wife are in law one person, that is, an entity separate from the individuals as the cases declare, the foundation on which appellants build their case falls, and their assertion of ownership must fall with it.

Appellants claim Blackstone supports their position. Blackstone says: "The *properties* of a joint-estate are derived from its unity, which is fourfold; the unity of *interest,* the unity of *title,* the unity of *time,* and the unity of *possession;* or, in other words, joint-tenants have one and the same interest, accruing by one and the same conveyance, commencing at one and the same time, and held by one and the same undivided possession."

Appellants insist that these unities cannot exist here because J. E. Smith and Emma Smith take at different times, J. E. Smith, by virtue of the original conveyance; Emma Smith, by virtue of the conveyance to her. That is simply another way of saying that the grantee, "J. E. Smith and wife, Emma Smith," take, if at all, as separate individuals and not as a single unity. Blackstone clearly differentiates between a joint tenancy and an estate by the entireties. He says: "Joint-tenants are said to be seised *per my et per tout,* by the *half* or *moiety,* and by *all;* that is, they each of them have the entire possession, as well of every *parcel* as of the *whole.* They have not, one of them, a seisin of one half or moiety, and the other of the other moiety; neither can he be exclusively seised of one acre, and his companion of another; but each has an undivided moiety of the whole, and not the whole of an undivided moiety." He there points to the distinction between joint tenants and tenants in common. He immediately follows it by saying: "And therefore, if an estate in fee be given to a man and his wife, they are neither properly joint-tenants, nor tenants in common: *for husband and wife being considered as one person in law, they cannot take the estate by moieties, but both are seised of the entirety, per tout, et non per my:* the consequence of which is, that neither the husband nor the wife can dispose of any part without the assent of the other, but the whole must remain to the survivor." (Emphasis supplied.)

A joint tenancy may be terminated by sale by one of the joint tenants or by sale under execution against one of the joint tenants. An estate by the entirety cannot be so terminated.

Survivorship in joint tenancy was abolished by statute in this State in 1784. G.S. 41-2. But this statute did not affect estates by the entirety. *Motley v. Whitemore, supra.*

The late *Chief Justice Clark,* on two occasions, said: "though it has often been recommended to the Legislature the abolition of this anomaly, it has not been done." *Moore v. Trust Co., supra; Freeman v. Belfer, supra.*

The Legislature, notwithstanding the suggestion made by the late *Chief Justice,* has not abolished estates by the entirety but has enacted legislation by which a sale of the estate may be made if one of the tenants is insane.   G.S. 35-14.

No sound reason has been suggested why the right to create these estates should be limited or discouraged.

Courts in our sister states are not in accord on the question of whether an estate by entirety may be created by direct conveyance from a husband to a husband and wife.   The varying decisions are assembled and analyzed in 44 A.L.R. 2d 587.   To properly evaluate the cases in the different states one must consider the statutes of those states and the fact that in some states the estate by the entireties is not recognized.   Some of the decisions holding that such an estate may not be created by direct conveyance proceed upon the theory joint tenancy is attempted.   In joint tenancy, as previously noted, the tenants are not a unity.   Hence where one undertakes to convey to himself and another as joint tenants, he is conveying to two distinct individuals and the conveyance to himself fails.   This is the reasoning of the Michigan Court, *Pegg v. Pegg,* 130 N.W. 617; *Wright v. Knapp,* 150 N.W. 315.   Notwithstanding this holding, the Michigan Court recognized that a spouse may create an estate by the entirety with respect to property owned by him by conveying to a straw man.   It is said in *Howell v. Wieas,* 205 N.W. 55: "We have said that where a husband holds the record title to real estate and desires to create an estate by the entirety, the proper course to be pursued is to deed to a third party, who in turn deeds to the husband and wife.   The reason for requiring a deed to a third party is that the husband must divest himself of the legal title so there may be created in him and his wife that unity of title and interest necessary in an estate by the entireties."

Appellants urge in support of their position *Deslauriers v. Senesac* (Ill.) 62 A.L.R. 511.   There Ida Deslauriers, the owner of a lot, with the joinder of her husband undertook to convey the lot to her husband and herself.   The deed stated: "Said grantors intend and declare that their title shall and does hereby pass to grantee not in tenancy in common but in joint tenancy."

The Court concluded that the deed was ineffectual to create a joint tenancy.   The Court said: "Ida Deslauriers was the sole owner of the half lot prior to the execution of the deed from herself and husband to themselves.   She could not by that deed convey an interest in the property to herself.   It is manifest from the deed that she did not intend to convey the whole and entire interest to her husband, for she retained an equal share or interest.   Hence the interest of Ida Deslauriers and her husband were neither acquired by one and the same conveyance, nor did they vest at one and the same time."

Illinois does not recognize estates by the entireties. Hence that court, in reaching its conclusion, gave no consideration to the legal fiction of unity of person on which estates by the entirety are founded and to which we adhere.

Apparently a majority of the courts recognizing estates by the entirety and called upon to consider the question have declared a conveyance by husband to husband and wife valid. The reasons assigned accord with the conclusions reached by us, *viz.*, the unity of husband and wife suffices to effectuate the express and declared intention of the grantor.

To hold that the deed under consideration created a tenancy in common between J. E. Smith and his wife would do violence to the declared intent of the grantor: (1) it would permit immediate partition at the instance of either cotenant; (2) it would permit either cotenant to sell his or her moiety; (3) it would deprive the husband of the usufruct during his lifetime; (4) it would permit the wife to devise her moiety, thus depriving the husband and grantor of his right of survivorship; (5) upon the death of the wife intestate her moiety would descend to her heirs, defeating the right of survivorship; (6) a half could be sold under execution issuing on a judgment rendered against either cotenant and for which the other was not liable. None of these results would be permitted if the deed created an estate by the entireties.

To hold that the deed created a tenancy in common would not be a construction of the deed. It would be a creation by the courts of a new and entirely different deed from the one the grantor signed. It would create an estate we have no right to think the grantor ever contemplated.

It is unnecessary to consider the question of estoppel.

The judgment is

Affirmed.

JOHNSON, J., not sitting.