DUPLIN COUNTY v. BESSIE C. JONES, H. E. PHILLIPS, TRUSTEE, AND HERMAN H. PHILLIPS.

(Filed 13 April, 1966.)

**1. Taxation § 32—**

Recital in a deed that the land is subject to prior encumbrances, including taxes, in a specified amount, cannot fasten upon the land an encumbrance not already upon it nor remove it from existing encumbrances not included in the stipulated amount, and, whatever may be its effect' as between grantor and grantee, it cannot enlarge or diminish the lien for taxes existing at the time of the conveyance.

DUPLIN COUNTY *v.* JONES.

**2. Same—**

Where land held by the entireties is listed for taxation by the husband in his name alone as owner such land is not subject to a lien for taxes assessed against personal property listed by the husband at the same time in his own name, some of which personalty is owned by him and some by his wife individually, and no lien for personal taxes attaches to the land, G.S. 105-301(a), G.S. 105-304(a), G.S. 105-340(a), and the county may not foreclose the tax lien for personal taxes against the grantee of the land. G.S. 105-414.

**3. Husband and Wife § 15—**

An estate by the entireties is owned by both the husband and wife as one person and not by them as separate persons.

**4. Taxation § 25—**

Though liability for the payment of taxes does not arise out of contract, a tax is a debt of the taxpayer, and a lien for taxes cannot be fastened upon the land of a person other than the taxpayer liable for the tax. G.S. 105-272(7).

MOORE, J., not sitting.

APPEAL by plaintiff from *May, S.J.,* October 1965 Civil Session of DUPLIN.

Duplin County instituted this action under G.S. 105-414 to have a certain tract of land in the county, now owned by Bessie C. Jones, sold for the payment of taxes, together with interest, penalties and costs, levied on account of personal property then owned by Sam R. Jones and other personal property then owned by his wife, Annie Frances Jones. A jury trial was waived and the matter was submitted to the court upon stipulated facts, it being also stipulated that the court might find further facts necessary for a complete determination of the controversy.

The following is a summary of the material facts so stipulated and found, there being no exception to any additional finding of fact by the court:

1. In each year, 1962 to 1964, inclusive, Sam R. Jones listed, in his name only, one lot (the land now in question) and certain personal property for taxation by Duplin County.

2. At the time of each such listing, the land was owned by Samuel R. Jones and Annie Frances Jones, his wife, as tenants by the entireties by virtue of a deed to them duly recorded.

3. At the time of each such listing, all of the personal property so listed was owned either by Sam R. Jones, individually, or by Annie Frances Jones, individually, none of it being owned by them jointly.

4. At the time of the listing for the year 1964, there was a duly recorded deed of trust in effect upon the said land.

5. The said deed of trust was foreclosed and the land conveyed, subject to all prior encumbrances, including taxes, by deed from the trustee therein (H. E. Phillips) to H. H. Phillips, which deed is duly recorded.

6. Following the conveyance of the land to him by the trustee, H. H. Phillips paid to Duplin County $441.19, which was the total then due it by reason of all taxes assessed and levied by it on account of the said land for all of the said years, the county issuing to him partial payment receipts for each such year.

7. The sums claimed by the county in this action ($132.80 for 1961; $100.08 for 1962; $106.94 for 1963; and $92.30 for 1964) are for taxes assessed and levied on account of the personal property so listed by Sam R. Jones.

The answer alleges, and the plaintiff's brief in this Court states, that the land is now owned by Bessie C. Jones, presumably by virtue of a conveyance to her from H. H. Phillips prior to the institution of this action.

The court concluded as a matter of law that land owned by a husband and wife as tenants by the entireties is not subject to a lien for taxes levied on account of personal property owned by either individually, even though the property be listed for taxation by the husband in his own name as if he alone were the owner.

From a judgment that the tax lien sued upon by the county be discharged as to the land, and that a notation of such discharge be entered by the county upon its tax books and receipts for the said years, the county appeals, assigning as error the foregoing conclusion of law by the court.

*Winifred T. Wells and Russell J. Lanier for plaintiff appellant.*
*H. E. Phillips for defendant appellees.*

LAKE, J. G.S. 105-301(a) provides: "Except as hereinafter specified, real property shall be listed in the name of its owner * * *." G.S. 105-304(a) provides: "In general, personal property shall be listed in the name of the owner thereof on the day as of which property is assessed * * *." G.S. 105-340(a) provides: "The lien of taxes levied on property and polls listed pursuant to this subchapter shall attach to all real property *of the taxpayer* in the taxing unit as of the day as of which property is listed * * *." [Emphasis added.]

G.S. 105-414, under which this proceeding was brought by the county, provides: "A lien upon real estate *for taxes or assessments*

*due thereon* may be enforced by an action in the nature of an action to foreclose a mortgage, in which action *the court shall order a sale of such real estate,* or so much thereof as shall be necessary for that purpose, for the satisfaction of the amount adjudged to be due *on such lien,* together with interest, penalties and costs allowed by law, and the costs of such action * * *." [Emphasis added.] It is not necessary upon this appeal to consider whether the procedure authorized by this statute may be used to enforce a valid lien upon real estate for taxes levied upon the owner thereof on account of personal property also owned by him.

The recital in the deed from the trustee in the deed of trust to H. H. Phillips, the purchaser at the foreclosure sale, that the land was thereby conveyed "subject to all prior encumbrances and that prior encumbrances amount to $8,475.47, including taxes," cannot fasten upon the land an encumbrance not already upon it nor remove from it an encumbrance previously valid but not included within the stipulated amount. Whatever may be the effect of this provision as between the trustee and his grantee, it does not subject the land to a new encumbrance.

We are not here concerned with the personal liability of the husband to the county for taxes assessed and levied on account of property which he listed as if it were his own. Neither are we here concerned with the liability of the wife to the county for failure to list for taxation property owned by her. Again, we are not here concerned with the validity of a lien upon land, owned by husband and wife as tenants by the entireties, on account of taxes assessed upon such land, itself, when it is listed for taxation in the name of the husband only. The sole question we are here called upon to decide is: When land, owned by a husband and wife as tenants by the entireties, is listed for taxation by the husband in his name as owner is it subject to a lien for taxes assessed on account of personal property, listed by him at the same time in his own name, some of which is owned by him and some by his wife but none by both together? We answer that question, "No."

This is not a proceeding by the county to reach and subject to its claim against the husband his right to the rents and profits from land owned by him and his wife as tenants by the entirety. We, therefore, do not pass upon the right of the county to subject such rents and profits to the payment of taxes owing to it from the husband. This is a proceeding, as stated in the complaint, "to have said lands sold for the payment of the taxes." The county does not contend that Bessie C. Jones, the owner of the land now and at the time this action was instituted, is personally liable for the taxes due the county, but that when she acquired her title to the land it

was subject to a lien for such taxes, which lien it claims arose while the land was owned by Samuel R. Jones and Annie Frances Jones as tenants by the entirety.

The peculiar incidents of an estate by the entirety are consequences of the concept of husband and wife as one legal person. As Stacy, J., later C.J., said, in *Davis v. Bass*, 188 N.C. 200, 124 S.E. 566, "This tenancy by the entirety takes its origin from the common law when husband and wife were regarded as one person, and a conveyance to them by name was a conveyance in law to but one person." Again, he said, in *Johnson v. Leavitt*, 188 N.C. 682, 125 S.E. 490, "This tenancy by the entirety is *sui generis*, and arises from the singularity of relationship between husband and wife. * * * As between them, there is but one owner, and that is neither the one nor the other, but both together, in their peculiar relationship to each other, constituting the proprietorship of the whole, and every part and parcel thereof." In *Woolard v. Smith*, 244 N.C. 489, 94 S.E. 2d 466, Rodman, J., speaking for the Court, said, "They [the appellants] assume that a conveyance to 'J. E. Smith and wife, Emma Smith,' is a conveyance to two separate and distinct individuals. Their assumption does not accord with the theory on which the estate by entireties originated and which is recognized by us." In *Edwards v. Arnold*, 250 N.C. 500, 109 S.E. 2d 205, Bobbitt, J., speaking for the Court, said, "In such estate, the husband and wife are deemed to be seized of the entirety, *per tout et non per my*. The entire estate is a unit. Neither husband nor wife owns a *divisible* part." See also *Bank v. Hall*, 201 N.C. 787, 161 S.E. 484; *Freeman v. Belfer*, 173 N.C. 581, 92 S.E. 486; 2 Blackstone's Commentaries, 182; Lee, North Carolina Family Law, 3 Ed., § 112; Annotation: 75 A.L.R. 2d 1172; 41 C.J.S., Husband and Wife, § 34(a).

While the husband, during coverture, has the right to the control of the property and to the rents and profits therefrom to the exclusion of the wife, this is not an incident of an estate in the land which he has as a person separate and apart from his wife, but is a right "enuring to the husband from the general principle of the common law which vests in the husband, *jure uxoris*, the right to the use and control of his wife's land during coverture and to take the rents and profits arising therefrom." *Johnson v. Leavitt, supra.*

As a result of this doctrine of the common law that the land is owned by both as one person and not by them as separate persons, neither spouse can by his or her separate deed convey an interest in the land, as distinguished from the husband's right to rents and profits during coverture. *Bryant v. Shields*, 220 N.C. 628, 18 S.E. 2d 157; *Davis v. Bass, supra*. A laborers' and materialmen's lien upon the land cannot arise in favor of one who constructs im-

provements thereon pursuant to a contract with the husband alone. *Air Conditioning Co. v. Douglass,* 241 N.C. 170, 84 S.E. 2d 828. Neither the entire estate nor the interest of either spouse therein may be sold under excution to satisfy a judgment against one spouse only. *Grabenhofer v. Garrett,* 260 N.C. 118, 131 S.E. 2d 675. *Edwards v. Arnold, supra; Distributing Co. v. Carraway,* 189 N.C. 420, 127 S.E. 427. In the *Carraway* case the judgment was actually against the husband and against the wife but stated that it was a judgment against each "individually." This Court held that, because of the unity of husband and wife as one person in contemplation of the law with reference to an estate by the entirety, the land could not be sold under execution issued upon such judgment since they, together, owned the land and they, individually, were liable on the judgment.

Though the liability for the payment of taxes does not arise out of contract, a tax is a debt of the taxpayer. *Guilford v. Georgia Co.,* 112 N.C. 34, 17 S.E. 10. A lien for the payment of such tax cannot be fastened upon the land of a person other than the taxpayer liable for the tax. G.S. 105-272(7) defines "taxpayer" to mean "any person or corporation subject to a tax or duty imposed by the Revenue Act or Machinery Act, or whose property is subject to any *ad valorem* tax levied by the State or its political subdivisions." The wife is the "taxpayer" with reference to taxes levied on account of property owner by her alone. The husband is the "taxpayer" with reference to taxes levied on account of property owned by him alone. The husband and wife are, in contemplation of the law, a separate person from either with reference to land owned by them as tenants by the entirety. Consequently, no lien attaches to such land on account of a tax levied upon either on account of separately owned property. See Annot., 75 A.L.R. 2d 1196.

The Federal courts have reached the same conclusion with reference to liens for Federal taxes due from the husband alone. See *United States v. American National Bank,* 255 F. 2d 504 (5th Cir.), *Cert. Den.,* 358 U.S. 835, 79 S. Ct. 58, *Reh. Den.,* 359 U.S. 1006, 79 S. Ct. 1135; *Raffaele v. Granger,* 196 F. 2d 620 (3d Cir.); *United States v. Hutcherson,* 188 F. 2d 326 (8th Cir.); *Shaw v. United States,* 94 F. Supp. 245 (D. Ct. Mich.); *United States v. Nathanson,* 60 F. Supp. 193 (D. Ct. Mich.).

Since the taxes claimed by the county were levied by it on account of property owned by the husband, individually, and property owned by the wife, individually, and the land in question was never that of the husband or that of the wife but belonged to "that third person recognized by the law, the husband and the wife" *(Bruce v. Nicholson,* 109 N.C. 202, 13 S.E. 790), the county never

acquired a lien for these taxes upon such land and may not proceed in the present action against Mrs. Bessie C. Jones who now owns it. Affirmed.

MOORE, J., not sitting.