STATE OF NORTH CAROLINA v. LARRY TANT

No. 727SC570

(Filed 20 September 1972)

Jury § 5— jury selection process — disproportionate male-female ratio — no discrimination

The fact that the jury commission used names from the county tax list, which list may have contained a disproportionate male-female ratio, in drawing up a list of prospective jurors for the county did not render the jury selection process arbitrarily, systematically and intentionally discriminatory as contended by defendant in a prosecution for selling a narcotic drug; therefore, the court did not err in denying defendant's motions to quash the bill of indictment and to quash the venire of petit jurors.

APPEAL by defendant from *Blount, Judge,* 4 October 1971 Session of Superior Court held in NASH County.

Defendant, Larry Tant, was charged in a bill of indictment, proper in form, with the felony of selling a narcotic drug, to wit: lysergic acid diethylamide (L.S.D.). Prior to pleading, defendant made motions to quash the indictment and to quash the petit jury venire on the grounds that neither the grand jury which indicted him nor the petit jury venire selected to try him, were composed of the constitutionally required cross-section of the community because the Nash County jury commission, in compiling the jury list, systematically "excluded large numbers of blacks, women, daily wage earners and younger persons in the community."

The trial court, after hearing evidence offered by the defendant and the State made findings of fact summarized as follows:

A three member jury commission met in the fall of 1969 for the purpose of selecting prospective jurors for Nash County for the years 1970 and 1971. Acting pursuant to Chapter 9-2 of the General Statutes of North Carolina, the jury commission utilized both voter registration and tax lists in compiling the list. Prospective jurors were alphabetically selected from the voter registration lists for Nash County at a ratio of every tenth name. Prospective jurors were selected from the tax lists by skipping the name of every other taxpayer, with certain exceptions not here relevant.

As the names of prospective jurors were selected, these names were typed onto cards. A total of 7,500 cards were prepared; after removing duplicates and screening, a total of 5,702 cards remained, representing prospective jurors for the years 1970 and 1971.

Based on its findings, the trial court made conclusions in pertinent part as follows:

"3. That there was no discriminatory, systematic or arbitrary exclusion from jury service in Nash County of any person because of race or sex by the Jury Commission.

4. That the Grand Jury was selected from a group of names which did compose a cross-section of the community (Nash County), and that the Grand Jury which indicted the defendant, Larry Tant, was properly constituted and the bill of indictment returned by the Grand Jury is valid and proper in all respects.

.    .    .    .

7. That the system of selection of jurors in Nash County presently being used does not tend to exclude black individuals, females, and daily workers and that the members of the present panel do constitute a cross-section of the residents of Nash County."

Based on its findings of fact and conclusions, the court denied defendant's motions to quash the bill of indictment and the petit jury venire. The jury found the defendant guilty as charged and from a judgment imposing a prison sentence of three to five years, defendant appealed.

---

---

*Attorney General Robert Morgan and Assistant Attorney General Henry T. Rosser for the State.*

*Biggs, Meadows & Batts by Charles B. Winberry for the defendant appellant.*

HEDRICK, Judge.

Defendant challenges the validity of the jury selection procedure employed by the jury commission of Nash County in compiling the list of prospective jurors for 1970 and 1971. It is defendant's contention that the system utilized discriminated against female jurors, thus depriving him of his right to indictment and trial by juries which represent a true cross-section of the community. We have carefully reviewed these contentions and find them to be without merit.

The list of prospective jurors for Nash County for the years 1970 and 1971 was compiled in the fall of 1969. The procedure employed by the jury commission in compiling this list is prescribed by G.S. 9-2, ". . . In preparing the list, the jury commission shall use the tax lists of the county and voter registration records." Names of prospective jurors were selected from the tax lists by taking every other name and from the voter registration lists by selecting every tenth name.

G.S. 105-301(a), in effect when taxes were listed in 1969, provided, "Except as hereinafter specified, real property shall be listed in the name of its owner; and it shall be the duty of the owner to list the same." Mr. Justice Lake, writing for the court in *Duplin County v. Jones*, 267 N.C. 68, 73, 147 S.E. 2d 603, 606 (1966) stated:

> "The wife is the 'taxpayer' with reference to taxes levied on account of property owned by her alone. The husband is the 'taxpayer' with reference to taxes levied on account of property owned by him alone. The husband and wife are, in contemplation of the law, a separate person from either with reference to land owned by them as tenants by the entirety."

In his brief defendant asserts:

> "The failure of the . . . Tax Supervisor's Office to comply with the holding of *Duplin County v. Jones, supra,* by failing to list property owned by a husband and wife as

tenants by the entirety in the name of both the husband and wife . . . resulted in men's names being on the tax lists . . . more than should have been the case had the law been complied with."

The burden of establishing a prima facie case of discrimination against prospective jurors rests with defendant. *State v. Cornell,* 281 N.C. 20, 187 S.E. 2d 768 (1972). In support of his contention that prospective female jurors were excluded from jury service in Nash County, defendant introduced evidence tending to show that the tax list for Nash County was improperly composed in that property held in tenancy by the entirety was frequently listed in the name of the husband alone. This resulted in a significant reduction in the number of females available for jury service in proportion to the total female population eligible for jury service in Nash County. Defendant has failed, however, to produce evidence that the jury commission intentionally, systematically or arbitrarily discriminated against females when it utilized the tax records in compiling the list of prospective jurors. To hold that a jury commission must ascertain the validity of the procedures used by independent bodies in compiling tax and voter registration lists before using such lists as sources of names of prospective jurors would be to impose an impossible burden. Any disparity in representation of the sexes on juries in Nash County did not result from discrimination in compilation of the jury list. The tax lists were compiled for purposes of taxation and were not maintained for the purpose of providing a source of names of prospective jurors. Thus, even if the tax lists contained a disproportionate male-female ratio, clearly such disproportion did not result from a systematic, arbitrary and intentionally discriminatory process on the part of the jury commission of Nash County.

To constitute unlawful discrimination, defendant must establish that the mode of jury selection is arbitrarily, systematically and intentionally discriminatory. *State v. Cornell, supra; State v. Yoes,* 271 N.C. 616, 157 S.E. 2d 386 (1967); *State v. Wilson,* 262 N.C. 419, 137 S.E. 2d 109 (1964); *Swain v. Alabama,* 380 U.S. 202, 13 L.Ed. 2d 759, 85 S.Ct. 824 (1965); *Thiel v. Southern Pacific Co.,* 328 U.S. 217, 90 L.Ed. 1181, 66 S.Ct. 984 (1945). It has been held that mere irregularity on the part of the jury commissioners in preparing the jury list, unless obviously, designedly or intentionally discriminatory, will

not vitiate the list or afford a basis for a challenge to the array. *State v. Koritz*, 227 N.C. 552, 43 S.E. 2d 77 (1947) ; *State v. Daniels*, 134 N.C. 641, 46 S.E. 743 (1904).

Defendant has not satisfied his burden of establishing a prima facie case of intentional, arbitrary and systematic discrimination in compilation of the jury list for Nash County for the years 1970-1971. Accordingly, the court did not commit error in denying the defendant's motions to quash the bill of indictment and to quash the venire of petit jurors.

We hold the defendant had a fair trial free from prejudicial error.

No error.

Judges BROCK and MORRIS concur.