E. H. McCORKLE, ROBERT L. McCORKLE AND SARA L. McCORKLE v. KEITH M. BEATTY AND WIFE, KATHLEEN BEATTY.

(Filed 2 May, 1945.)

1. **Trusts § 1b—**

   Parol trusts may be imposed upon the legal title on proof of an oral promise to hold in trust for the promisee; and parol evidence to prove such a trust is admitted not to contradict the deed, but to bind the party to the trust which he undertook in accepting the deed.

2. **Same—**

   The establishment of parol trusts is required to be by evidence clear, strong and convincing. This rule arises out of the theory that the written instrument contains the final expression of the agreement between the parties, and one who seeks to show otherwise should be required to do so by higher degree of proof than a mere preponderance of the evidence.

3. **Same—**

   In a suit to fasten a parol trust upon a deed on its face in fee, where there is evidence of the trust for the plaintiff and *contra* for defendant, it is error for the court to charge that the preponderance of the evidence is defined to be evidence which is of greater or superior weight or that gives greater assurance and carries conviction to the minds of the jury, followed by the statement that the clear, strong and convincing evidence, required of plaintiff, means evidence that is clearer, stronger and more cogent and convincing in its character and weight than that required in ordinary civil cases where the burden of proof is satisfied by the greater weight or preponderance of the evidence.

APPEAL by plaintiffs from *Blackstock, Special Judge,* at 4 September, 1944, Extra Civil Term, of MECKLENBURG.

The plaintiffs brought this action to impose a parol trust on lands to which the defendants had title by a deed in fee, allegedly acquired while the defendant Beatty was in fiduciary relation to the plaintiffs and under a promise to hold the title for their benefit. The defendant Beatty denied that there was any such fiduciary relation between him and the plaintiffs or that he had made the alleged promise.

The case went to the jury, and the answer to the issue was unfavorable to the plaintiffs. The validity of the trial was challenged in several

respects, only one of which we deem it necessary to consider: The exception to the instruction to the jury as to the weight and sufficiency of plaintiff's evidence as hereinafter set out.

The evidence pertinent to this exception may be summarized as follows:

One of the plaintiffs, E. H. McCorkle, testified that at the time of the transaction between plaintiffs and defendant Beatty, the property described in the complaint had been conveyed by deed of trust to the Building and Loan Association of Charlotte to secure a note made by the plaintiffs. The plaintiffs were unable to meet the payments, and upon default, the property was advertised and sold 15 September, 1941, at which sale T. S. McPheeters became the last and highest bidder at the sum of $6,000; later, Dorothy A. Krueger raised the bid, and it was resold 20 October, 1941, at her upset bid for $6,300, and this bid had been reported to the court for confirmation.

Meanwhile, the plaintiffs had been diligently seeking some means to satisfy the deed of trust and save the property, but had been unable thus far to secure a loan. While the sale to Krueger was awaiting confirmation, the witness, in behalf of himself and other plaintiffs, approached the defendant Beatty for help in protecting the property for the benefit of all the plaintiffs.

At that time E. H. McCorkle had a contract with the Government to clean suits and articles of apparel for the personnel of the Army, upon which $10,000 was due him, payment of which was expected shortly. He testified that he proposed to the defendant Beatty that the latter would raise the Krueger bid, which would give the plaintiffs some more time to secure means to save the property; that he and the defendant Beatty came to the following agreement: That defendant Beatty would furnish the money and raise the bid in his own name, and that if the plaintiffs were able to get the money before the sale of the property and the confirmation of the bid, the defendant was to be paid $25.00 for his trouble; but if defendant had to carry out the bid and take the property, he would hold it meantime for the plaintiffs until they were able to reimburse him for his expenditures in the premises, when the title should be conveyed to them. He further testified that in accordance with this promise, the defendant did furnish the money to raise the bid by check which was handed to the witness and which he carried to the payee, Taylor, and which was used for that purpose. He further testified that they were unable to get the money before the property was sold upon the defendant Beatty's bid, the sale confirmed and the deed made to Beatty; and that although he stands ready, willing and able to reimburse Beatty and carry out the contract which he alleges was made with the defendant, Beatty now claims the property as his own and refuses to permit the plaintiffs the enjoyment thereof.

McCORKLE *v.* BEATTY.

Defendant Beatty testified that McCorkle came to him and requested him to raise the bid on the land, and offered $25.00 if he would raise the bid for him, but that he thought there was too much money involved and so told the plaintiff McCorkle; that he later told him then that he, Beatty, could raise the bid for himself, which the latter said he would do. Defendant Beatty further testified that the agreement was that he should raise the bid for himself, and that if plaintiffs could not pay off the mortgage or re-raise the bid before the sale time, the land should be the defendant's; and that plaintiff told him "he would have the best buy in Charlotte." Witness said that he never at any time agreed to bid in the property and hold it for McCorkle or the plaintiffs.

The defendant Beatty offered several witnesses in corroboration of his version of the agreement.

Upon this conflicting evidence, the trial judge instructed the jury, *inter alia,* as follows:

"(a) The general rule is that, in civil matters, the burden of proof is usually carried by a preponderance of the evidence or by the greater weight, meaning evidence which is of greater or superior weight or that gives greater assurance and carries conviction to the minds of the jury, but under an issue such as the one we are considering, where plaintiffs propose to obtain relief against the apparent force and effect of a written instrument, a deed, the burden of proof is on plaintiffs to establish their allegations in respect to this issue by evidence, clear, strong and convincing. Clear, strong and convincing evidence means evidence that is clearer, stronger, more cogent and convincing in its character and weight than that required in ordinary civil cases where the burden of proof is satisfied by the greater weight or preponderance of the evidence.

"(g) Now, by the 'greater weight of the evidence' is meant that evidence which is of greater or superior weight, or is more convincing, and brings conviction to the minds of the jury."

To this plaintiffs excepted.

The following issue was submitted to the jury, and answered as indicated:

"Does the defendant, Keith Beatty, hold the legal title to the property described in the Complaint in trust for the benefit of the plaintiffs, as alleged in the Complaint?

"Answer: No."

The plaintiffs moved to set aside the verdict for errors committed in the trial. The motion was denied, and plaintiffs excepted. To the ensuing judgment, plaintiffs objected, excepted and appealed, assigning errors.

*Uhlman S. Alexander and Robinson & Jones for plaintiffs, appellants.*
*Joe W. Ervin and W. C. Davis for defendants, appellees.*

Seawell, J.   We think that plaintiffs' exception to the instruction given to the jury as to the weight and sufficiency of the evidence required to carry the burden of the issue must be sustained.

In a jurisdiction like ours, where the Seventh Section of the English Statute of Frauds, requiring the creation of trusts to be manifested in writing, has not been enacted, parol trusts may be imposed upon the legal title upon proof of an oral promise to hold in trust for the promisee; and parol evidence to prove such a trust is admitted "not to contradict the deed, but to bind the party to the trust which he undertook in accepting the deed." 26 R. C. L., Trusts, sec. 41. However, the theory of admission of parol evidence in such cases is often confusingly stated, and the intensity of the proof required to establish such a trust is referred to the fact that it does tend to contradict the written instrument. *Hinton v. Pritchard,* 107 N. C., 128, 136, 12 S. E., 242. The propriety of applying the rule to cases of this sort is perhaps most satisfactorily explained in *Boone v. Lee,* 175 N. C., 383, 95 S. E., 659, as arising out of the theory that the written instrument contains the final expression of the agreement between the parties, and that one who seeks to show otherwise should be required to do so by higher degree of proof than a mere preponderance of the evidence.

At any rate, it is the rule here, and prevails with practical uniformity elsewhere, that the establishment of parol trusts is required to be by evidence "clear, strong and convincing," or of similar character, as variously expressed. See *Lefkowitz v. Silver,* 182 N. C., 339, 109 S. E., 56, 23 A. L. R., 1491; also, annotations to case beginning on page 1500.

Ordinarily, in civil matters, the burden of the issue is required to be carried only by the preponderance or greater weight of the evidence; but in his definition of the preponderance of the evidence, his Honor defined this to be "evidence which is of greater or superior weight or that gives greater assurance and carries conviction to the minds of the jury"; and further defined evidence, clear, strong and convincing, as follows: "Clear, strong and convincing evidence means evidence that is *clearer, stronger, more cogent and convincing in its character and weight* than that required in ordinary civil cases where the burden of proof is satisfied by the greater weight or preponderance of the evidence."

While it is conceded that a stricter degree of evidence is required in cases of this character, we are of the opinion that the terms used to define the intensity of the evidence required in the instant case are not susceptible of separate, analytical comparison with the greater weight of the evidence, especially as defined by his Honor. We think the terms of comparison used, particularly that the evidence should be clearer than that employed in cases where preponderance of the evidence is sufficient to carry the burden, goes beyond the simple requirement that the plain-

tiffs must prevail by evidence clear, strong and convincing, rather than by mere preponderance of the evidence, and must have been confusing to the jury.

We have not thought it necessary to consider other exceptions, which refer to incidents which may not recur upon a retrial.

For the error pointed out, the plaintiffs are entitled to a new trial. It is so ordered.

New trial.