NELLIE M. SMITH STRANGE v. JEAN BARRIER SINK

No. 7519SC343

(Filed 1 October 1975)

1. Trusts § 13— resulting trust

    A resulting trust arises where a person makes or causes to be made a disposition of property under circumstances which raise an inference that he does not intend that the person taking or holding the property should have the beneficial interest therein and the beneficial interest is not otherwise effectively disposed of.

2. Trusts § 19— entirety property — agreement to reconvey to one spouse — resulting trust

    Where plaintiff and her husband conveyed entirety property to defendant, who agreed orally to convey the property to plaintiff upon her request after a planned divorce of plaintiff and her husband was granted, defendant was the trustee of a resulting trust in the property in favor of plaintiff, and plaintiff is entitled to have legal title transferred to her.

3. Trial § 36— instructions — use of "as in this case" — no expression of of opinion

    In an action to establish a resulting trust, the trial court's instruction that "as in this case" a resulting trust arises under certain conditions did not constitute an expression of opinion on the evidence when considered with the court's other instructions to the effect that plaintiff alleged and sought to establish a resulting trust and that plain-

tiff had the burden of satisfying the jury by clear, strong and convincing evidence of all the material, factual allegations in her complaint.

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 21 February 1975 in Superior Court, CABARRUS County. Heard in the Court of Appeals 26 August 1975.

The plaintiff alleged and offered evidence tending to show the following facts:

1. In 1954 plaintiff and her husband, E. E. Smith, agreed upon a separation, which was to be followed by divorce, and they employed an attorney who prepared, and they executed, a written separation agreement providing for a division of personal and real property, including provision for payment by plaintiff to her husband of the sum of $1,000.00 and his granting to her of their home realty which they owned as tenants by the entirety.

2. To effect the division and transfer of the entirety property to plaintiff, they entered into an oral agreement with defendant and her husband, Lindsey R. Sink, who was the brother of the plaintiff, that they would convey their entirety property to defendant and her husband, who would convey the said property to plaintiff upon her request after the planned divorce was granted.

3. Pursuant to such agreement, plaintiff and her husband executed and recorded the deed for the entirety property to defendant and her husband.

4. Neither defendant nor her husband paid any consideration for the said realty.

5. Plaintiff retained possession and has remained in possession continuously and has paid the property taxes, insurance, and various bills for repair and upkeep of the home.

6. Plaintiff, after divorce in 1956, made numerous requests of defendant, both before and after defendant's divorce from plaintiff's brother, to convey the subject realty to her, but defendant made various excuses and avoided doing so.

7. In 1974, after his divorce from defendant in 1973, Lindsey R. Sink, conveyed his one-half undivided interest in the subject property to plaintiff, and defendant has refused to con-

vey her legal title to the one-half undivided interest which she holds as trustee for plaintiff under a resulting trust.

Plaintiff concludes that defendant has legal title to a one-half undivided interest in the subject property as trustee for plaintiff under a resulting trust, and prays that legal title be transferred to her.

In her answer defendant denied any agreement to convey the subject property to plaintiff, admitted that plaintiff had been permitted to reside on the property and testified that there was no oral agreement to convey the property upon plaintiff's request, and that the first request for her to sign a deed to the property was made by her husband, plaintiff's brother, in 1972 after she separated from him.

The trial court submitted to the jury this issue: Is the defendant trustee of a resulting trust, in favor of plaintiff, of a one-half undivided interest of the real property described in the Complaint?

The jury answered the issue in the affirmative, and from judgment declaring the plaintiff owner of the subject realty, defendant appeals.

*Hartsell, Hartsell & Mills, P.A., by W. Erwin Spainhour for plaintiff appellee.*

*Williams, Willeford, Boger & Grady by John Hugh Williams for defendant appellant.*

CLARK, Judge.

Defendant contends that this case falls within the Gaylord rule that "a parol trust in favor of a grantor may not be engrafted on a warranty deed in the absence of fraud, mistake or undue influence." This prescription in *Gaylord v. Gaylord,* 150 N.C. 222, 63 S.E. 1028 (1909) has been approved and applied in many subsequent cases.

On the other hand, plaintiff contends that she was the beneficial owner under a resulting trust which arose by operation of law and that legal title held by defendant as trustees should be transferred to plaintiff.

The principal function of a deed is to evidence the transfer of a particular interest in land, and a parol trust in favor of the

grantor would change the nature of a deed absolute, would violate the parol evidence rule, and may not be shown. 2 Stansbury, N. C. Evidence 2d, § 255 (Brandis rev. 1973). However, a parol trust in favor of a third person, is generally not within either the parol evidence rule or statute of frauds. *Wells v. Dickens,* 274 N.C. 203, 162 S.E. 2d 552 (1968) ; *Hoffman v. Mozeley,* 247 N.C. 121, 100 S.E. 2d 243 (1957) ; *Creech v. Creech,* 222 N.C. 656, 24 S.E. 2d 642 (1943) ; *Britt v. Allen,* 21 N.C. App. 497, 204 S.E. 2d 903 (1974).

[1] A resulting trust arises where a person makes or causes to be made a disposition of property under circumstances which raise an inference that he does not intend that the person taking or holding the property should have the beneficial interest therein and the beneficial interest is not otherwise effectively disposed of. Resulting trusts are established by equity for the purpose of carrying out the presumed intention of the parties. In addition to general definitions, resulting trusts are frequently defined by specific circumstances which have been found to give rise to them. One such situation rests upon the general rule that in the absence of circumstances indicating a contrary intent, where the purchase price is paid with the money of one person and the title is taken in the name of another, for whom he is under no duty to provide, a trust in favor of the payor arises by operation of law and attaches to the subject of the purchase. *Creech v. Creech, supra; Willetts v. Willetts,* 254 N.C. 136, 118 S.E. 2d 548 (1961).

The resulting trust is created by operation of law and arises from the character of the transaction and not necessarily from a declaration of intention. Thus, the fact that the payor of the purchase money has previously obtained the consent of the other person to the placing of the title in his name does not prevent the creation of a resulting trust; he simply consents to an obligation imposed by the law. *Randle v. Grady,* 224 N.C. 651, 32 S.E. 2d 20 (1944).

[2] In this case the plaintiff and her husband were tenants by the entirety. Having agreed to separate and to divorce, they executed a separation agreement, which included a provision that plaintiff become the owner of the entirety property, the homeplace, and that her husband receive certain personal property including the payment of $1,000.00 by plaintiff. Neither owned a separate estate or interest in the entirety property. They joined as grantors in the deed to defendant and her hus-

band on the advice of counsel for the obvious purpose of effecting, by means of the proposed deed to the plaintiff, the transfer· of the entirety property to her as agreed. Under these circumstances, the well-established Gaylord rule, that a parol trust in: favor of a grantor cannot be engrafted onto a warranty deed absolute on its face, has no application to this case because it ignores the well-established nature of tenancy by the entirety, which was recognized as early as the Fourteenth Century and by the Supreme Court of North Carolina as early as 1837. *Motley v. Whitemore,* 19 N.C. 537 (1837) ; *Woolard v. Smith,* 244 N.C. 489, 94 S.E. 2d 466 (1956).

Tenancy by the entirety is *sui generis,* and arises from the singularity of relationship between husband and wife. As between them there is but one owner and that is neither the one nor the other, but both together, in their peculiar relationship to each other, constituting the proprietorship of the whole and every part and parcel thereof. *Johnson v. Leavitt,* 188 N.C. 682, 125 S.E. 490 (1924). It is on the doctrine of Unity of Person that estates by the entireties, with right of survivorship, rest; the husband and wife, though twain, are regarded as one;: neither has a separate estate or interest. *Freeman v. Belfer,* 173 N.C. 581, 92 S.E. 486 (1917) ; *Moore v. Trust Co.,* 178 N.C. 118, 100 S.E. 269 (1919) ; *Bank v. Hall,* 201 N.C. 787, 161 S.E. 484 (1931).

We find that the grantor was the entirety entity which conveyed the entirety property to trustees, defendant and her husband, for the benefit of a third party, the plaintiff, and that, therefore, this case comes within the traditional resulting trust situation where the consideration is paid by one but title is taken in the name of another, who by law holds title in trust for the payor.

[3] Though on appeal the defendant emphasizes her claim that as a matter of law the trial court erred in not directing a verdict, she also seeks a new trial for error in the jury instructions. After defining resulting trust the court concluded as follows:

> "Also, as in this case, ladies and gentlemen, a resulting trust arises when a person conveys property to another with intention at the time of the conveyance or before the conveyance that that person will reconvey the property after special conditions have been met."

The defendant contends that the words "as in this case" constitute an expression of opinion and invades the province of the jury. This contention has obvious merit when considered alone, but considering the charge as a whole, we find instructions, which preceded the alleged error, that plaintiff *alleges* a resulting trust and seeks to establish a resulting trust. Following the alleged error, the court, in its final mandate, places the proper burden on the plaintiff to satisfy the jury by clear, strong and convincing evidence of all the material, factual allegations in her complaint. Considering the charge as a whole, we find *lapsus linguae* on the part of the trial judge, who in applying the law to the evidence obviously intended to inform the jury only that the case involved a resulting trust, and that the jury clearly understood from the charge that the plaintiff had the burden of proving the trust. Therefore, the error was not prejudicial and does not warrant a new trial.

In his brief, counsel for defendant candidly concedes that, "there are certain equities in favor of plaintiff." The testimony of the plaintiff relative to the trust agreement was supported by the testimony of the defendant's former husband and by the written separation agreement. Admittedly, plaintiff was in continuous possession of the subject property. Clearly this with other evidence was sufficient to deny defendant's motion for directed verdict and to support the jury verdict.

No error.

Judges MORRIS and VAUGHN concur.