IN THE MATTER OF: TEMPIE J. JOHNSON

No. 773SC213

(Filed 18 April 1978)

1. **Insane Persons § 12— sterilization proceeding—sufficiency of evidence for jury**

    The evidence was sufficient to be submitted to the jury in a proceeding to authorize the sterilization of a mentally retarded person.

2. **Evidence § 14; Insane Persons § 12— sterilization proceeding—examination at instance of petitioner—no physician-patient privilege**

    The relationship of physician and patient did not exist within the meaning of G.S. 8-53 where a county department of social services caused respondent to be examined by a mental health clinic staff psychiatrist, and the psychiatrist was properly permitted to testify as to the results of his examination of respondent in a proceeding to authorize the sterilization of respondent.

3. **Insane Persons § 12— sterilization proceeding—instructions on quantum of proof**

    The trial judge in a proceeding to authorize sterilization erroneously equated proof by clear, strong and convincing evidence and proof by the greater weight of the evidence when he instructed that proof by clear, strong and convincing evidence "means that you must be persuaded considering all of the evidence that the necessary facts are more likely than not to exist."

4. **Insane Persons § 12— sterilization proceeding—instruction on unsupported theory**

    The trial judge in a proceeding to authorize sterilization erroneously instructed the jury on a theory not supported by the evidence when he instructed that the jury should authorize sterilization if it found that respondent would be likely, unless sterilized, to procreate a child who would probably have serious mental, physicial or nervous disease or deficiency.

5. **Insane Persons § 12— sterilization proceeding—instructions on necessity for sterilization laws—expression of opinion**

    The trial judge in a proceeding to authorize sterilization expressed an opinion when he gave an explanation in his instructions on the necessity and effect of laws authorizing sterilization.

APPEAL by respondent from *Walker (Ralph), Judge*. Judgment entered 17 October 1976 in Superior Court, CRAVEN County. Heard in the Court of Appeals 17 January 1978.

The appeal is from a judgment authorizing a sterilization procedure to be performed upon the body of respondent pursuant to G.S. 35-36 et seq. Facts that are considered to be necessary to an understanding of the questions raised on appeal will be set out in the opinion.

*Attorney General Edmisten, by Associate Attorney Isaac T. Avery III, for the State.*

*Beaman, Kellum, Mills & Kafer, by Charles William Kafer and Ronald T. Lindsay, for respondent appellant.*

VAUGHN, Judge.

[1] Although we do not set out all of the evidence, we conclude that when the evidence is considered in the light most favorable to petitioner, it is sufficient to take the case to the jury. Respondent's assignments of error based on the alleged insufficiency of the evidence are overruled.

[2] Petitioner, the Craven County Department of Social Services, caused respondent to be examined and evaluated by a staff psychiatrist at the Neuse Mental Health Clinic. He testified that respondent functions at a mildly to moderately retarded level, that she has a functionally limited attention span and that she would be materially impaired in her ability to care for a child. One of respondent's assignments of error is that her objections to the testimony should have been sustained and the evidence excluded because it was privileged under G.S. 8-53. We hold that under the circumstances of this case, the relationship of physician and patient did not exist within the meaning of the statute. *See State v. Hollingsworth*, 263 N.C. 158, 139 S.E. 2d 235 (1964); *State v. Newsome*, 195 N.C. 552, 143 S.E. 187 (1928). Moreover, the judge can compel the testimony notwithstanding a patient-physician relationship if, in his opinion, the same is necessary to a proper administration of justice. Although the trial judge made no express recital of findings that the testimony was necessary to the proper administration of justice, his opinion that such was the case was implicit when he overruled respondent's objection. "It

must be assumed that the judge was aware of the statute when he made the ruling, and that under these circumstances the very act of ruling . . . was in itself a finding that its admission was necessary to a proper administration of justice." *State v. Bryant*, 5 N.C. App. 21, 28-29, 167 S.E. 2d 841, 847 (1969). The assignment of error is overruled.

[3] Respondent does, however, bring forward several assignments of error directed to the judge's charge that do require a new trial. The judge instructed the jury that petitioner had the burden to prove the required facts by clear, strong and convincing evidence. This was in keeping with the mandate. of the Supreme Court when it said:

> "[t]he statute does not specify the burden of proof that the petitioner must meet before the order authorizing the sterilization can be entered. In keeping with the intent of the General Assembly, clearly expressed throughout the article, that the rights of the individual must be fully protected, we hold that the evidence must be clear, strong and convincing before such an order may be entered."

*In re Moore*, 289 N.C. 95, 108, 221 S.E. 2d 307, 315 (1976). After properly instructing the jury that the evidence must be clear, strong and convincing, however, the judge then added:

> "It means that you must be persuaded considering all of the evidence that the necessary facts are more likely than not to exist."

Respondent's exception to that instruction is well taken. The judge, in effect, erroneously equated proof by clear, strong and convincing evidence and proof by the greater weight of the evidence. Indeed, the instruction appears to come verbatim from N.C.P.I.— Civil 101.10, which sets out the suggested instruction on proof by the mere greater weight of the evidence. Moreover, the judge should not attempt to define the term "clear, strong and convincing" in his charge. *McCorkle v. Beatty*, 225 N.C. 178, 33 S.E. 2d 753 (1945). Whether the evidence is clear, strong and convincing is for the jury to resolve.

[4] Another exception to the charge correctly points out that the judge erroneously instructed the jury on a theory not supported by the evidence. The statute provides that before sterilization

procedures can be authorized for a mental defective subject to the act there must be a finding that:

> ". . . because of a physical, mental or nervous disease or deficiency which is not likely to materially improve, the person would probably be unable to care for a child or children, *or* because the person would be likely, unless sterilized, to procreate a child or children which probably would have serious physical, mental, or nervous diseases or deficiencies. . . ." (Emphasis added.) G.S. 35-43.

There was no allegation and no evidence to support a finding on the second ground, the likelihood of procreating a mentally defective child. The judge, nevertheless, repeatedly gave instructions on that part of the statute and included in his final mandate an instruction that the jury answer the issue in favor of petitioner if it found that respondent "would be likely, unless sterilized, to procreate a child who would probably have serious mental, physical, or nervous disease or deficiency." The instruction was erroneous and prejudicial to respondent.

[5]   Respondent also excepts to a portion of the charge wherein the judge, at some length, gave an explanation of the necessity and effect of laws authorizing sterilization. Most of what the judge said came directly from the opinion of the Supreme Court on the subject in the case of *In re Moore, supra.* The error, however, does not lie in the accuracy of the analysis. The dissertation on the subject by the Supreme Court was appropriately given in support of its legal conclusion that the statute is not repugnant to the Constitutions of the State of North Carolina and the United States of America. When the same argument, however, was made to the jury by the trial judge, it could only result in prejudice to the respondent. It is very likely that it led the jury to believe that the judge felt it should answer the issue in favor of petitioner. It could hardly be said that it aided the jury in finding the truth of the matter at issue. The Supreme Court, of course, "is not bound by the rule forbidding an expression of opinion, and its discussions may not always be embodied in instructions to the jury *in ipsissimis verbis* without danger of infringing the rule." *Carruthers v. R.R.,* 218 N.C. 49, 54, 9 S.E. 2d 498, 501 (1940).

For the reasons stated, there must be a new trial.

New trial.

Judges PARKER and ERWIN concur.