KENNETH C. LEWIS v. JESSE ROBERT BOLING, JR. AND WIFE, BETTY JEAN
BOLING

No. 783SC811

(Filed 21 August 1979)

1. **Evidence § 32— partnership agreement unchanged by testimony—no violation
of parol evidence rule**

    Where a partnership agreement was neither contradicted, added to, nor
varied by plaintiff's evidence at trial, no violation of the parol evidence rule
was shown.

2. **Trusts § 18; Evidence § 32— conversations prior to execution of deed—fiduci-
ary relationship between grantor and grantee**

    In an action to impose a trust upon a one-half undivided interest in real
property, the trial court did not err in permitting plaintiff to testify to conver-
sations between the parties, who were business partners, prior to the signing
of a deed by which legal title to the parties' property was conveyed to a cor-
poration solely owned and controlled by defendants, since obligations between
a grantor and grantee arising from a fiduciary relationship will be enforced by
a court of equity by imposition of a constructive trust if necessary, even if
there has been no fraud in the original procurement of the conveyance.

3. **Trusts § 16— amendment of complaint to allege constructive trust proper**

    The trial court did not err in permitting plaintiff to amend his complaint
to allege a constructive trust rather than a resulting trust, where plaintiff's
evidence tended to show that the parties were business partners; plaintiff con-
veyed his interest in property which the parties held as joint tenants to a cor-
poration solely owned by defendants for the purpose of securing a loan for
completing a building on the property; subsequent to execution of the deed,
the parties continued their partnership as it existed before such execution; and
defendant thereafter claimed the property as his own to the exclusion of plain-
tiff.

4. **Partnership § 3— rule against suit between partners—conversion of joint prop-
erty as exception**

    Where joint property has been wrongfully converted, the rule that one
partner may not sue another upon a demand arising out of a partnership trans-
action until there has been a complete settlement of partnership affairs and a
balance has been struck is inapplicable.

APPEAL by defendants from *Bruce, Judge.* Judgment entered
16 May 1978 in Superior Court, CARTERET County. Heard in the
Court of Appeals 23 May 1979.

This is a civil action to impose a trust upon a one-half un-
divided interest in real property. Plaintiff in substance alleged

and at trial before the court without a jury presented evidence to show:

Plaintiff and the male defendant, Jesse Robert Boling, Jr., were each in the building construction business, each having his own company. By deed dated 8 May 1973 they purchased Lot 12 on Pond Drive and Canal Street in Atlantic Beach, Carteret County, taking title in their joint names. The purchase price was approximately $14,000.00, which amount they secured by borrowing from the Carolina Bank and Trust Company, giving their demand note to the Bank in the amount of $14,000.00 and securing the note by a deed of trust on the property. They agreed they would hold the premises in equal ownership and would construct a duplex dwelling thereon for two-family occupancy, with each providing materials and labor from their respective construction companies. Construction commenced in May 1973 and continued through the summer and early fall of that year, with each contributing approximately equally in labor, materials, and money. Construction was very slow during the fall and winter months of 1973-74. By May 1974 the building was approximately one-half completed. The $14,000.00 note to Carolina Bank and Trust Company was due. Funds were needed to pay that note and additional funds were needed to complete construction. Because of a recession in the building construction business during the winter of 1973-74, plaintiff was in severe financial difficulties and for that reason was unable to borrow money. Through the efforts of the male defendant, the Capitol National Bank of Raleigh agreed to loan $30,000.00 upon the property, provided the borrower was a corporation known as J. B. Builders, Inc., a North Carolina corporation solely owned by the defendants. To accomplish this financing, the plaintiff and his wife and the defendants executed a deed dated 10 May 1974 conveying the property to J. B. Builders, Inc.

Prior to executing this deed, the plaintiff and the male defendant executed and acknowledged the following written partnership agreement dated 8 May 1974, which was subsequently recorded in the Carteret County Registry:

THIS CONTRACT, Made this 8th day of May 1974, by and between KENNETH C. LEWIS, of Wake County, North Carolina, and Jesse Robert Boling, Jr. (JRB Jr.) Wake County, North Carolina;

WITNESSETH: That said parties have formed a partnership for the purpose of purchasing lot and constructing thereon a dwelling for joint-tenancy, upon the following terms and conditions.

*First.* The name under which the partnership will do business is BOLING AND LEWIS with its principal office located at Lot 12, Pond Drive and Canal St., Atlantic Beach, North Carolina, until changed by mutual consent.

*Second.* The kind of business for which this partnership is formed is the General Construction Business, which includes the construction of a dwelling for joint tenancy on Lot 12, Pond Drive and Canal Street, Atlantic Beach, North Carolina, and the possible future construction on other lots where title is vested in the partnership.

*Third.* This partnership is to begin on this date and to continue in full force and effect until one of the partners has given to the other partner two months written notice of his desire to dissolve the partnership. The prior death of a partner shall not terminate this contract. The amount due the estate of a deceased partner shall be ascertained and paid in the manner hereinafter set out, and the partnership shall continue as a sole proprietorship of the survivor.

*Fourth.* Each partner has contributed in cash or in personal property upon an agreed valuation the sum of Ten Thousand and No/100 Dollars.

*Fifth.* Each partner shall receive and withdraw the same amount for his services as from time to time may be mutually agreed upon, and shall share equally in all profits and losses derived from the sale of each house, and upon dissolution receive an equal share of the assets after all partnership debts have been paid.

*Sixth.* If any partner should die while this contract of partnership is in force, the value of the deceased partner's interest shall be determined in the manner set out in section 59-81 of the General Statutes of North Carolina, and thereupon the interest of the deceased partner, at the value so determined shall become a loan of the surviving partner payable upon dissolution of the partnership.

*Seventh.* In the conduct of the partnership, each partner shall have equal authority and all matters and things not set forth in this contract shall be decided by mutual consent.

*Eighth.* If any differences should arise between the partners which they are unable to adjust, either with regard to the meaning of this contract or with regard to any act or thing which either partner has done or failed to do, such differences shall forthwith be submitted to arbitration. One arbitrator shall be selected by each partner and if they are unable to agree, they shall select a third arbitrator, and the decision of any two of these shall be final and binding upon both partners.

After title to the property was conveyed to J. B. Builders, Inc. on 10 May 1974, Capitol National Bank loaned $30,000.00 on the property, taking from J. B. Builders, Inc. its promissory note in that amount secured by a deed of trust on the property, the note and deed of trust being both dated 10 May 1974. Part of the proceeds of this loan was used to pay off in full the $14,000.00 obligation to Carolina Bank and Trust Company and the balance was used to help pay the cost of completing the building. During the rest of the month of May 1974, and continuing until Labor Day weekend, 1974, the plaintiff and the male defendant proceeded to complete the dwelling on the property, with each party providing materials and labor and with the use of part of the money borrowed from Capitol National Bank. By Labor Day weekend 1974 the dwelling was completed, and on that weekend the two families jointly held an open house on the premises.

The building had been constructed as a duplex with separate facilities for occupancy by two families at the same time. In October 1974 plaintiff and his family moved into one of the units, which they continued to occupy until mid-January 1975. Without the knowledge of the plaintiff, the male defendant, acting as President of J. B. Builders, Inc., and his wife, the female defendant, acting as Secretary of said corporation, executed in the name of the corporation a deed dated 4 December 1974 conveying title to Lot 12 and the newly constructed building thereon to the two defendants as tenants by the entirety. This deed was acknowledged by the male defendant, acting in his capacity as President of J. B. Builders, Inc., on 4 December 1974. It was not presented

Lewis v. Boling

for registration to the Register of Deeds of Carteret County until 18 March 1975.

In the meantime, in January and February 1974, plaintiff and the male defendant discussed selling the property. On 5 March 1975, the two defendants, without the knowledge or consent of the plaintiff, executed and acknowledged a deed conveying a one-half undivided interest in the property to third parties, John R. Smith and Charles K. Earnhardt, Jr. This deed was presented for registration to the Register of Deeds for Carteret County on 18 March 1975 at the same time the deed dated 4 December 1974 conveying title from J. B. Builders, Inc. to the two defendants was presented for registration.

On learning of the execution and recording of the two deeds above described, plaintiff made demand upon the defendants to convey the one-half undivided interest in the property still being held by the defendants to the plaintiff or to the partnership existing between the plaintiff and the male defendant. Defendants refused to make either conveyance and refused to recognize any ownership interest in the property in the plaintiff, either individually or as a partner.

Plaintiff testified that in his opinion the property at the time of trial had a market value of $125,000.00.

The defendants did not present any evidence. The court entered judgment making detailed findings of fact in accordance with plaintiff's evidence and substantially as above set forth. Based on its findings of fact, the court made the following conclusions of law:

2. That the partnership agreement of May 8, 1974, has not been dissolved or otherwise terminated and is still in full force and effect and the plaintiff and Jesse Robert Boling, Jr., are still equal partners in said partnership.

3. That the conveyance of the property in question on December 4, 1974, to the defendants was in breach of the fiduciary duty owed by Jesse Robert Boling, Jr., to the plaintiff.

4. That the defendants jointly hold title to a one-half undivided interest in the property hereinabove described under

a constructive trust for the use and benefit of the partnership of Kenneth C. Lewis and Jesse Robert Boling, Jr., and that the partnership of Kenneth C. Lewis and Jesse Robert Boling, Jr., are the equitable owners of said premises in question trading under the partnership name of Boling and Lewis.

In accord with these conclusions, the court adjudged that defendants hold title to a one-half undivided interest in the property in trust for the benefit of the partnership between the plaintiff and the male defendant trading as Boling and Lewis. From this judgment, defendants appeal.

*Bennett, McConkey & Thompson by Thomas S. Bennett for plaintiff appellee.*

*Ward and Smith by Grady L. Friday and J. Randall Hiner for defendant appellants.*

PARKER, Judge.

[1]   Appellants first contend that the trial court erred in admitting evidence relative to conversations between the plaintiff and the male defendant prior to and contemporaneously with the signing of the written partnership agreement dated 8 May 1974. Appellants contend admission of such evidence violated the parol evidence rule. The short answer to this contention is that the written partnership agreement was neither contradicted, added to, nor varied by plaintiff's evidence at trial, and no violation of the parol evidence rule has been shown.

[2]   Appellants next contend it was error to permit the plaintiff to testify to such conversations prior to the signing of the 10 May 1974 deed by which legal title to the property was conveyed to the corporation which was solely owned and controlled by the defendants. In support of this contention, appellants cite the well established general rule that in the absence of evidence sufficient to establish fraud, undue influence, or mistake, evidence of a parol agreement in favor of a grantor, entered into at the time of or prior to his execution of a deed and at variance with the written conveyance, is inadmissible. *Willetts v. Willetts*, 254 N.C. 136, 118 S.E. 2d 548 (1961); *Loftin v. Kornegay*, 225 N.C. 490, 35 S.E. 2d 607 (1945); *Gaylord v. Gaylord*, 150 N.C. 222, 63 S.E. 1028 (1909). "To permit the enforcement of such an agreement would

be tantamount to engrafting a parol trust in favor of a grantor upon his deed, which purports to convey the absolute fee-simple title to the grantee. A parol trust in favor of a grantor cannot be engrafted upon such a deed." *Loftin v. Kornegay, supra,* at 492, 35 S.E. 2d at 608.

The principle of law cited by appellants is not controlling of our disposition of the present case. There was evidence here that a partnership existed between the plaintiff and the male defendant at the time the 10 May 1974 deed was executed. For approximately a year they had been working together erecting a dwelling on land owned jointly by them, and only two days earlier they had executed a formal written partnership agreement. "It is elementary that the relationship of partners is fiduciary and imposes on them, the obligation of the utmost good faith in their dealings with one another in respect to partnership affairs. Each is the confidential agent of the other . . ." *Casey v. Grantham,* 239 N.C. 121, 124, 79 S.E. 2d 735, 738 (1954). The grantee in the deed, J. B. Builders, Inc., was a corporation wholly owned and controlled by the male defendant and so far as disposition of this case is concerned is properly to be considered his *alter ego.* Where, as here, a fiduciary relationship is shown to exist between the grantor and the grantee, the grantee is more than morally bound to act in the best interest of the grantor, and the grantor is justified in imposing a special trust and confidence in the grantee's fidelity. If in such a case the grantee violates the confidence justifiably imposed in him and breaches his fiduciary obligations, a court of equity will enforce those obligations by imposition of a constructive trust, even though there had been no fraud in the original procurement of the conveyance. Under such circumstances it has been said that "the law presumes fraud in transactions where confidential relationships exist between the parties," *Sorrell v. Sorrell,* 198 N.C. 460, 465, 152 S.E. 157, 160 (1930).

In *Koefoed v. Thompson,* 73 Neb. 128, 102 N.W. 268 (1905), the Supreme Court of Nebraska was confronted with a case strikingly similar on its facts to the case presently before us. In that case the plaintiff and the defendant had been working together, farming and carrying on other business ventures, in Nebraska. They jointly purchased the land in question, each contributing one-half of the first payment and borrowing on a mortgage the

funds to pay the balance of the purchase price. Plaintiff thereafter moved to Chicago, leaving defendant in sole possession of the premises. The mortgage became subject to foreclosure. For the purpose of enabling the defendant to renew the mortgage or secure a new loan, plaintiff executed a quitclaim deed to the defendant. Thereafter, defendant refused to recognize plaintiff as having any interest in the property. The trial court entered a decree finding plaintiff to be owner of a one-half undivided interest in the property. In affirming the decree, the Supreme Court of Nebraska said:

> The transaction in the case at bar was between parties who, as shown by the testimony, believed themselves to be partners, and who, we conclude, were such, although no formal agreement of partnership existed between them. The relation of partnership is fiduciary, in its strictest sense, and involves the greatest confidence between the parties thereto. The confidence which the appellee in this case reposed in the appellant had its origin in their previous dealings, and their previous partnership arrangements in farming and other matters. So that when it became necessary to place the title of the premises in the appellant, as a matter of convenience in securing a new loan, and executing the proper papers in that behalf, in order to save the property from the foreclosure sale for their mutual benefit, there was no reason why the appellee should not repose the strictest confidence in the good faith of his former partner, and execute a conveyance in the nature of a quitclaim deed, without other and further consideration, and for that sole purpose. The betrayal of this confidence by the appellant, and his subsequent refusal to carry out his contract to account for the property or its proceeds to the appellee, is sufficient to raise the presumption that he intended from the first to defraud his partner of his interest in said land, and gives rise to a constructive trust.

73 Neb. at 133, 102 N.W. at 269.

In the present case we find no error in the court's admitting evidence of the conversations between plaintiff and the male defendant which explain the reasons for plaintiff joining in the deed dated 10 May 1974 by which title was conveyed to defendants' corporation. Appellants' assignment of error and the exceptions on which it is based directed to that question are overruled.

**[3]** Appellants next contend that the court erred in permitting the plaintiff to amend his complaint at the close of the evidence to allege a constructive trust rather than a resulting trust. They argue that there was no evidence introduced at trial which would justify the amendment under G.S. 1A-1, Rule 15(b). We do not agree.

A resulting trust is normally imposed to carry out the presumed intention of the parties, as where one person pays part or all of the purchase price for property but title is taken in another. A constructive trust, on the other hand, is an obligation imposed by a court of equity irrespective of, and often contrary to, the intent of the grantee.

> A constructive trust is a duty, or relationship, imposed by courts of equity to prevent the unjust enrichment of the holder of title to, or of an interest in, property which such holder acquired through fraud, *breach of duty* or some other circumstance making it inequitable for him to retain it against the claim of the beneficiary of the constructive trust. (Emphasis added.)

*Wilson v. Development Co.*, 276 N.C. 198, 211, 171 S.E. 2d 873, 882 (1970).

A constructive trust is frequently imposed to enforce obligations incurred as result of transactions between persons occupying a confidential relationship to each other.

> Such a relationship "exists in all cases where there has been a special confidence reposed in one who in equity and good conscience is bound to act in good faith and with due regard to the interests of the one reposing confidence." *Abbitt v. Gregory*, 201 N.C. 577, 598, 160 S.E. 896. Intent to deceive is not an essential element of such constructive fraud. *Miller v. Bank*, 234 N.C. 309, 67 S.E. 2d 362. Any transaction between persons so situated is "watched with extreme jealousy and solicitude; and if there is found the slightest trace of undue influence or unfair advantage, redress will be given to the injured party." *Rhodes v. Jones*, 232 N.C. 547, 61 S.E. 2d 725.

*Link v. Link*, 278 N.C. 181, 192, 179 S.E. 2d 697, 704 (1971).

---

Utilities Comm. v. Farmers Chemical Assoc.

---

Plaintiff's evidence was amply sufficient to show grounds for imposing a constructive trust in this case, and the court did not err in permitting him to amend his complaint to conform his allegations to his evidence. G.S. 1A-1, Rule 15(b).

Defendants have not excepted to any of the trial court's findings of fact. They do except and assign error to its conclusions of law. We find the court's conclusions amply supported by its findings of fact, and the court did not err in decreeing a constructive trust in this case.

[4] Finally, appellants contend that plaintiff is barred from maintaining this action by the general rule that one partner may not sue another upon a demand arising out of a partnership transaction until there has been a complete settlement of partnership affairs and a balance has been struck. This position is untenable. There are numerous exceptions to the rule laid down in *Pugh v. Newbern*, 193 N.C. 258, 136 S.E. 707 (1927), one of them being where joint property has been wrongfully converted.

The judgment appealed from is

Affirmed.

Judges MITCHELL and MARTIN (Harry C.) concur.