NATHANIEL SYLVESTER DAY v. HELEN A. POWERS, SECRETARY OF
REVENUE OF THE STATE OF NORTH CAROLINA

No. 864SC855

(Filed 2 June 1987)

**Taxation § 27; Trusts § 13.2— transfer of property in fee simple—no resulting
trust—assessment of gift taxes proper**

The trial court erred in concluding that plaintiff's transfer of property
constituted a parol trust in his behalf where there was no indication on the
face of the deed that plaintiff intended to pass anything other than a fee sim-
ple to his son, and there were no allegations of fraud, mistake, or undue influ-
ence; therefore, respondent could properly assess gift taxes against plaintiff.

APPEAL by Secretary of Revenue from *Tillery, Judge.* Judg-
ment entered 2 June 1986 in Superior Court, ONSLOW County.
Heard in the Court of Appeals 13 January 1987.

*Attorney General Lacy H. Thornburg by Special Deputy At-
torney General George W. Boylan for the appellant, Secretary of
Revenue.*

*White & Allen by John C. Archie for plaintiff appellee.*

COZORT, Judge.

This appeal involves a civil action pursuant to N.C.G.S.
§ 105-267 for the refund of gift taxes brought by the plaintiff
Nathaniel Sylvester Day against the Secretary of Revenue of the
State of North Carolina. The plaintiff contended in his complaint
that the deed in question constituted a trust arrangement and
that the assessment of gift taxes was therefore improper. The
trial court granted summary judgment for plaintiff. We reverse.

The forecast of evidence shows plaintiff Nathaniel Sylvester
Day was a tenant in common with his brother Nere E. Day, Jr., in
some Onslow County real property. In December 1978 plaintiff
was considering marriage to Faye Darden Snow. Plaintiff ap-
proached his fiancee several times about releasing and waiving
any rights she might acquire in his property as a result of mar-
riage. Ms. Snow rejected this idea, refused to sign a contract
waiving her rights to any marital property, and further indicated
she would not sign any deeds after their marriage. Plaintiff and
his brother became concerned that their ability to deal with their
property might be restricted.

Plaintiff next talked with his son James Milton Day about transferring all his Onslow County real property to him in trust and consulted his attorney about a trust transaction. On 29 December 1978 plaintiff conveyed his real property in Onslow County to his son. Plaintiff took an executed promissory note and deed of trust for $250,000 from his son. The note and deed of trust were prepared only as protection for plaintiff until his attorney could draft a trust agreement for his son to sign. This deed of trust was never recorded. A trust agreement dated 29 June 1979 was prepared for plaintiff's son to sign, but it was never executed by plaintiff's son. Since the transfer of 29 December 1978 plaintiff has paid his share of the property taxes, paid for repairs and improvements on the property and received proceeds from sales of tracts of the property. Plaintiff has also received proceeds from the sale of timber off the land and the rental of the land. All of the proceeds received by plaintiff have been reported as income on his tax returns. Plaintiff has also continued to keep the financial records concerning the land and entered into all leases concerning the land.

On 10 December 1984 plaintiff and his son signed a Declaration of Trust with respect to the 1978 real property transfer from plaintiff to son. On 12 December 1984, defendant assessed gift taxes against plaintiff. As a result of plaintiff's objection to the assessment, a hearing was held on 14 December 1984 before the Secretary of Revenue. The assessment was sustained.

The Tax Review Board affirmed the decision of the Secretary of Revenue. Plaintiff timely paid the gift tax assessment. In a letter dated 10 January 1986 plaintiff requested a refund of the tax paid. This request was denied by the North Carolina Department of Revenue on 23 January 1986. On 6 March 1986 plaintiff instituted an action against the Secretary in the Superior Court of Onslow County for the recovery of the gift taxes paid. On 19 May 1986 plaintiff filed a motion for summary judgment, supported by affidavits. On 28 May 1986 defendant filed a motion for summary judgment, supported by affidavits. On 2 June 1986 the trial court awarded summary judgment for plaintiff.

Defendant alleges the trial court erred in granting summary judgment for plaintiff and thereby concluding that the plaintiff's transfer of property constituted a trust in his behalf. Defendant

argues that the general rule stated in *Gaylord v. Gaylord,* 150 N.C. 222, 63 S.E. 1028 (1909), should control in this case. The rule from *Gaylord* reads as follows:

> [E]xcept in cases of fraud, mistake or undue influence, a parol trust, to arise by reason of the contract or agreement of the parties thereto, will not be set up or engrafted in favor of the grantor upon a written deed conveying to the grantee the absolute title, and giving clear indication on the face of the instrument that such a title was intended to pass.

*Id.* at 227, 63 S.E. at 1031.

As a rule of evidence, parol evidence is admissible in appropriate cases to establish a trust because the seventh section of the English Statute of Frauds (Stat. 29, Car. II, c. 3, s. 7) concerning the creation of parol trusts has not been enacted in North Carolina. *Thompson v. Davis,* 223 N.C. 792, 794, 28 S.E. 2d 556, 557 (1944). Plaintiff contends that the instant case is an appropriate case for the engrafting of a parol trust because the grantee, plaintiff's son, does not contest the trust and is not trying to assert a fee simple. Citing *Strange v. Sink,* 27 N.C. App. 113, 116, 218 S.E. 2d 196, 198, *disc. rev. denied,* 288 N.C. 733, 220 S.E. 2d 353 (1975), plaintiff contends that a trust arises where a person makes or causes to be made a conveyance of property under circumstances which raise an inference that he does not intend the person taking or holding the property should have the beneficial interest in the property, and the beneficial interest is not otherwise effectively disposed of. Plaintiff's reliance on *Strange* is misplaced. In *Strange,* this Court found the engrafting of a parol trust to be appropriate where the grantee refused to convey the property to a third party in accordance with an agreement between the grantor and the grantee. In the instant case, the engrafting of a parol trust is for the benefit of the grantor only. We find no fraud, mistake, or undue influence, and thus find no reason for deviating from the rule stated in *Gaylord.* We find the trial court erred in granting summary judgment for the plaintiff.

The order granting summary judgment for the plaintiff is reversed and the case is remanded for entry of judgment for the defendant.

Judges MARTIN and PARKER concur.