BURTON v. BURTON

- [123 N.C. App. 153 (1996)]

━━━━━━━━

LEROY M. BURTON, SR., JO EVELYN BURTON & BURTON AND ASSOCIATES, INC., PLAINTIFFS v. BARBARA S. BURTON, BARBARA S. BURTON, EXECUTRIX OF THE ESTATE OF LEROY M. BURTON, JR., DECEASED DEFENDANTS v. EVA W. BURTON-JUNIOR, LORI MICHELLE BURTON AND LESLIE MONIQUE BURTON, INTERVENOR-DEFENDANTS

No. COA95-1188

(Filed 2 July 1996)

**Trusts and Trustees § 129 (NCI4th)— no allegations of fraud, mistake, or undue influence—engrafting of parol trust error**

A parol trust in favor of the grantor plaintiffs could not be engrafted upon the written deeds conveying title to defendants in the absence of allegations of fraud, mistake, or undue influence.

**Am Jur 2d, Trusts §§ 68 et seq.**

Appeal by intervenor-defendant-appellants from order filed 13 July 1995 in Wake County District Court by Judge L. W. Payne. Heard in the Court of Appeals 6 June 1996.

*Robert E. Griffin for plaintiff-appellees.*

*Carlton E. Fellers for defendant-appellees.*

*Brady, Schilawski, Earls and Ingram, by John Randolph Ingram, II, for intervenor-defendant-appellants.*

GREENE, Judge.

Eva W. Burton-Junior, Lori Michelle Burton and Leslie Monique Burton (intervenor-defendants) appeal from an order granting summary judgment for Leroy M. Burton, Sr., Jo Evelyn Burton and Burton and Associates, Inc. (plaintiffs).

Plaintiffs Leroy Burton, Sr. and Jo Burton conveyed three tracts of land to Joan Elizabeth Burton and Leroy M. Burton, Jr., their daughter and son, on 21 November 1992. The deed stated that is was a "NORTH CAROLINA NON-WARRANTY DEED" and conveyed the land in fee simple for valuable consideration. A real estate excise tax stamp for $30.00 was on the deed. By general warranty deed, Leroy Burton, Sr. and Jo Burton conveyed on 30 December 1992 two more tracts of land to Joan Burton and Leroy Burton, Jr. The deed stated that the conveyance was in fee simple for valuable consideration and had an excise tax stamp in the amount of $20.00 on it. On 29 December 1992, by general warranty deed, Burton & Associates conveyed in fee simple for valuable consideration two tracts of land to Joan Burton and Leroy Burton, Jr. An excise tax stamp in the amount of $50.00 was on the deed. In all, seven tracts of land were conveyed by plaintiffs to Joan Burton and Leroy Burton, Jr. in 1992.

On 27 March 1994 Leroy Burton, Jr. died, and his wife, Barbara Burton (defendant), qualified as executrix and was his sole beneficiary. Plaintiffs filed a complaint alleging that plaintiffs had conveyed all seven tracts of land to Leroy Burton, Jr. and Joan Burton "to be held in trust for the Plaintiffs." Plaintiffs alleged that all parties involved in the conveyances "knew that the properties conveyed were to be held in trust for the Plaintiffs" and asked that the trial court order such properties be reconveyed by defendant to plaintiffs. Attached to plaintiffs' complaint was a writing dated 21 November 1992 and labeled "AFFIDAVIT," although it is not sworn. The writing states that Leroy Burton, Sr. "hereby certif[ies] and affirm[s] that I conveyed 4 tracts of property to my son, Leroy M. Burton, Jr., and daughter Joan Elizabeth Burton. This conveyance created a trust in

## BURTON v. BURTON

[123 N.C. App. 153 (1996)]

these properties which upon their death, with the properties reverting to me or the survivor of my children."

Defendant answered, admitting the plaintiffs' allegations and requesting that the trial court grant appropriate relief. Thereafter, on 31 October 1994 plaintiffs moved the court for summary judgment. Intervenor-defendants moved to intervene on the grounds that they are judgment creditors of Leroy Burton, Jr.'s estate to the extent of $100,000.00 and "have a direct interest in the preservation of Estate assets." Intervenor-defendants' motion to intervene was allowed.

After considering the plaintiffs' complaint, defendants' answer, the motion to intervene, the order allowing intervention and both motions for summary judgment, the trial court granted summary judgment for the plaintiffs. At the summary judgment hearing, intervenor-defendants "timely objected to the introduction, admission and consideration of Plaintiffs' Complaint and Defendant's Answer in support of Plaintiffs' Motion for Summary Judgment," which was overruled by the trial court.

---

The issue is whether a parol trust in favor of the grantor can be engrafted upon the written deeds conveying title to Joan Burton and Leroy Burton, Jr.

[E]xcept in cases of fraud, mistake or undue influence, a parol trust, to arise by reason of the contract or agreement of the parties thereto, will not be set up or engrafted in favor of the grantor upon a written deed conveying to the grantee the absolute title, and giving clear indication on the face of the instrument that such a title was intended to pass.

*Day v. Powers, Sec. of Revenue*, 86 N.C. App. 85, 87, 356 S.E.2d 399, 401 (quoting *Gaylord v. Gaylord*, 150 N.C. 222, 227, 63 S.E. 1028, 1031 (1909)), *disc. rev. denied*, 320 N.C. 791, 361 S.E.2d 73 (1987).[1]

In this case the deeds to the properties reveal that plaintiffs conveyed absolute title to Joan Burton and Leroy Burton, Jr. and the engrafting of a parol trust is for the benefit of the grantor (plaintiffs)

---

1. The plaintiffs rely on *McCorkle v. Beatty*, 225 N.C. 178, 33 S.E.2d 753 (1945), for support of their argument that a "parol trust may be imposed upon legal title upon proof [by clear and convincing evidence] of an oral promise to hold in trust for promisee." Although *McCorkle* does contain broad language that appears to support the plaintiffs' argument, it is factually distinguishable in that it involved a third party seeking to impose a trust upon a transaction between two other parties. *Id.* at 181, 33 S.E.2d at 754. The facts in this case do not involve anyone not a party to the deed.

only. Because there are no allegations of fraud, mistake or undue influence, a parol trust for the benefit of the plaintiffs cannot be imposed. Therefore, summary judgment for the plaintiffs was error and this case is remanded for entry of summary judgment for the intervenor-defendants.

Reversed and remanded.

Judges MARTIN, John C., and WALKER concur.