JOHN BARRY JOINES, Plaintiff v. JERRY DEAN ANDERSON and wife, JANNEY ELIZABETH ANDERSON and THE NORTH CAROLINA DEPARTMENT OF REVENUE, Defendants

No. COA02-1479

(Filed 18 November 2003)

**Taxation— gift tax—property transfer—parol evidence**

The trial court did not err by granting summary judgment in favor of defendant Department of Revenue regarding whether the pertinent property transfers are subject to applicable gift taxes in an action where plaintiff conveyed the property to his uncle by deed in fee simple to protect said property from plaintiff's former wife, because: (1) the deed in question purports to be the final agreement of the parties, and as such, any evidence which contradicts the written agreement is prohibited under the parol evidence doctrine unless the written agreement was created through fraud, undue influence, or mutual mistake; and (2) plaintiff seeks to introduce evidence that the deed in fee simple was in fact a trust making the transfers of the property not subject to gift tax, but plaintiff fails to allege an exception to the parol evidence rule.

Appeal by plaintiff from order entered 16 September 2002 by Judge C. Randy Pool in Polk County District Court. Heard in the Court of Appeals 27 August 2003.

*Attorney General Roy Cooper, by Assistant Attorney General Alexandra M. Hightower, for the State.*

*Tomblin & Perry Attorneys, by A. Clyde Tomblin, for plaintiff appellant.*

TIMMONS-GOODSON, Judge.

John Barry Joines ("plaintiff") appeals from an order of the trial court granting summary judgment to the North Carolina Department of Revenue ("defendant").

The evidence presented at the hearing on summary judgment tended to show the following. Plaintiff transferred real property in fee simple to his uncle, Jerry Dean Anderson ("Jerry"), without reservation rights. There is no question that the conveyance was intended to protect the property from possible equitable distribution proceedings commenced by plaintiff's now former wife.

At the time of the conveyance, Jerry was married to Janney Elizabeth Anderson ("Janney") (collectively "the Andersons"). Plaintiff's transfer of the property to Jerry effectively conveyed the property to Jerry and Janney Anderson as tenants by the entirety under North Carolina law. Plaintiff does not argue that title improperly transferred as tenants by the entirety.

After plaintiff resolved his equitable distribution claim, Jerry attempted to reconvey the property to plaintiff. Janney, fearful of the gift tax consequences associated with the transaction, refused to sign the deed.

Plaintiff filed a civil action requesting that the district court order Janney to execute the deed and declare that she assumed no liability in reconveying the property. The Andersons filed a counterclaim seeking $704.00 to compensate them for the expenses incident to the transfer of the property. On 17 May 2001, a hearing was conducted on plaintiff's motion for judgment on the pleadings. The motion was granted in favor of plaintiff. The trial court concluded as a matter of law that gift tax would not attach to either conveyance. The trial court ordered the property reconveyed to plaintiff and directed that plaintiff pay any expenses the Andersons incurred in connection with the property.

The Andersons' attorney subsequently contacted defendant to verify that gift tax would not attach to either conveyance. Defendant

informed the Andersons that both the initial transfer to them and the subsequent reconveyance to plaintiff were gifts and would be accordingly taxed. Plaintiff filed a motion entitled Motion to Set Aside Judgment of the trial court and to make The North Carolina Department of Revenue a Party Defendant. A consent order setting aside the 17 May 2001 judgment was entered by the trial court on 13 February 2002.

When this matter came before the trial court for the second time, defendant moved for summary judgment, arguing that the transfer was a gift and taxable as such. Plaintiff filed a motion to re-instate the previous judgment. The trial court granted defendant's motion for summary judgment and denied plaintiff's motion to re-instate the previous judgment. Plaintiff appeals.

---

Plaintiff argues that the trial court erred by: (1) allowing defendant's motion for summary judgment; (2) ignoring the North Carolina definition of gift; (3) holding that the transaction was not an equitable lien or a straw man purchase; and, (4) failing to reinstate the previous judgment.

The dispositive issue on appeal is whether the trial court erred by granting defendant's motion for summary judgment. We hold that there is no genuine issue of material fact regarding whether such property transfers are subject to applicable gift taxes. Thus, we affirm the trial court's order granting summary judgment to defendant.

The standard of review of a grant of summary judgment is a two prong test. The trial court must first determine "whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact," and, secondly, "whether the moving party is entitled to judgment as a matter of law." *Capital Outdoor v. Tolson*, 159 N.C. App. 55, 58, 582 S.E.2d 717, 720 (2003). The purpose of summary judgment is to "avoid a formal trial where only questions of law remain and where an unmistakable weakness in a party's claim or defense exists." *Liberty Mut. Ins. Co. v. Pennington*, 356 N.C. 571, 579, 573 S.E.2d 118, 123 (2002). Determining what constitutes a bona fide issue of material fact is seldom an easy task. *Id., DeWitt v. Eveready Battery Co.*, 355 N.C. 672, 681, 565 S.E.2d 140, 146 (2002). Our Supreme Court has found that "an issue is genuine if it is supported by substantial evidence," *DeWitt*, 355 N.C. at 681, 565 S.E.2d at 146, "which is that amount of relevant evidence necessary to per-

suade a reasonable mind to accept a conclusion." *Pennington,* 356 N.C. at 579, 573 S.E.2d at 124. Further, " 'an issue is material if the facts alleged would constitute a legal defense, or would affect the result of the action, or if its resolution would prevent the party against whom it is resolved from prevailing in the action.' " *Pennington,* 356 N.C. at 579, 573 S.E.2d at 124 (quoting *Koontz v. City of Winston-Salem,* 280 N.C. 513, 518, 186 S.E.2d 897, 901 (1972)). As a general rule, summary judgment is a measure to be used cautiously so that no party is deprived of a trial on a disputed factual issue. *Capital Outdoor,* 159 N.C. App. at 59, 582 S.E.2d at 720.

North Carolina gift tax is "levied upon the shares of the respective beneficiaries in all property within the jurisdiction of this State, real, personal and mixed. . . ." N.C. Gen. Stat. § 105-188(a) (2001). Gift tax does not apply to the passage of property in trust "where the power to revest in the donor title to such property is vested in the donor. . . ." N.C. Gen. Stat. § 105-188(c) (2001).

Plaintiff argues that he transferred the property in trust to Jerry for plaintiff's benefit. Although plaintiff concedes that the property was transferred in fee simple by written deed, plaintiff asserts that he never intended to make a gift of said property to Jerry and that his oral agreement with Jerry prior to the deed transfer evidences his intent to maintain practical ownership of the property. Thus, plaintiff maintains that the transfers of the property are not subject to gift tax.

Plaintiff would have the court engraft a trust upon his initial conveyance of the property. Plaintiff fails to understand the legal precedent contrary to his position. *See Financial Services v. Capitol Funds,* 288 N.C. 122, 217 S.E.2d 551 (1975); *Lewis v. Boling,* 42 N.C. App. 597, 257 S.E.2d 486 (1979); *Day v. Powers, Sec. of Revenue,* 86 N.C. App. 85, 356 S.E.2d 399 (1987). The deed in question purports to be the final agreement of the parties, and as such, any evidence which contradicts the written agreement is prohibited under the parol evidence doctrine, unless the written agreement was created through fraud, undue influence, or mutual mistake. *See Financial Services,* 288 N.C. at 136, 217 S.E.2d at 560; *Lewis,* 42 N.C. App. at 602-03, 257 S.E.2d at 490.

Plaintiff has failed to allege fraud, undue influence, or mutual mistake in his complaint. Plaintiff in fact asserted that the conveyance was not fraudulent, but voluntary. Thus, parol evidence

could not be introduced to contradict the written deed. *See Connor v. Ridley*, 248 N.C. 714, 716, 104 S.E.2d 845, 847 (1958); *Rourk v. Brunswick County*, 46 N.C. App. 795, 796, 266 S.E.2d 401, 403 (1980); *Day*, 86 N.C. App. at 87, 356 S.E.2d at 401. Plaintiff is therefore unable to establish that he reserved any right to reconvey property to himself such as to exempt him from gift tax. Thus, there is an insurmountable weakness in plaintiff's claim on this theory.

We must next address whether the deed as written is a gift and taxable accordingly. *Day v. Powers, Sec. of Revenue*, is the controlling authority. 86 N.C. App. 85, 356 S.E.2d 399 (1987). In *Day*, the plaintiff conveyed his real property by deed in fee simple to his son to prevent his fiancée from obtaining rights in the property after their marriage. 86 N.C. App. at 85-87, 356 S.E.2d at 400-01. When the Secretary of Revenue of the State of North Carolina assessed gift taxes against the plaintiff, the plaintiff argued that the property was not a gift, but a trust for his benefit. *Day*, 86 N.C. App. at 86, 356 S.E.2d at 400. This Court concluded that the parol evidence rule prohibited the introduction of evidence to contradict the written deed, and as the plaintiff failed to evidence an exception to the parol evidence rule, this Court required an entry of judgment for the Secretary of Revenue. *Day*, 86 N.C. App. at 87, 356 S.E.2d at 401.

We note the similarity between the facts of *Day* and those alleged here. Plaintiff conveyed the property by deed in fee simple to protect said property from his former wife. Furthermore, plaintiff seeks to introduce evidence that the deed in fee simple was in fact a trust, but fails to allege an exception to the parol evidence rule.

Under controlling precedent cited above, including *Day v. Powers, Sec. of Revenue*, we conclude that the trial court correctly granted summary judgment for defendant. As such, we do not address the merits of plaintiff's remaining assignments of error.

Affirmed.

Judges HUNTER and ELMORE concur.